WARREN EDUCATION ASSOCIATION, APPELLEE, *v.* WARREN CITY BOARD OF EDUCATION, APPELLANT.

[Cite as Warren Edn. Assn. *v.* Warren City Bd. of Edn. (1985), 18 Ohio St. 3d 170.]

(No. 84-1656—Decided July 10, 1985.)

172

*Green, Schiavoni, Murphy, Haines & Sgambati Co., L.P.A., Dennis Haines, Barry Laine* and *Ira J. Mirkin,* for appellee.

*Henderson, Covington, Stein, Donchess & Messenger* and *James L. Messenger,* for appellant.

DOUGLAS, J. The primary issue posited by appellant is whether the trial court's order was, in effect, a modification, as opposed to a confirmation, of the arbitrator's award, rendering the order void *ab initio* inasmuch as this action was commenced pursuant to R.C. 2711.09. For the reasons that follow, this court holds that the trial court's order did not modify, but rather properly confirmed, the award of the arbitrator. The judgment of the court of appeals is thus affirmed.

Appellant asserts that, in an action to confirm an R.C. Chapter 2711 arbitration award pursuant to R.C. 2711.09, a court order modifying the award is void *ab initio,* for arbitration awards may only be modified under R.C. 2711.11 when an action therefor is brought in compliance with R.C. 2711.13. Appellant's interpretation of the applicable law in this case is correct.

Confirmation of arbitration awards is governed by R.C. 2711.09:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."

As indicated in the editorial comment following the section in Page's Ohio Revised Code Annotated, the purpose of this section of the statute is to enable parties to an arbitration to obtain satisfaction of the award. It is further stated that "[t]he party desiring legally to enforce an award makes a motion to confirm. This motion must be granted by the court, unless

cause is shown for its modification or vacation; and the motion to confirm must be made within one year after the award is rendered. After that time the remedy would be by a suit on the award."

In comparison, the vacation, modification or correction of an award may only be made on the grounds listed in R.C. 2711.10[3] and 2711.11,[4] and then only when the application therefor is made by a party within the time allowed under R.C. 2711.13,[5] *i.e.*, three months. The jurisdiction of the courts to review arbitration awards is thus statutorily restricted; it is narrow and it is limited.

As was recognized in *Lockhart* v. *American Res. Ins. Co.* (1981), 2 Ohio App. 3d 99, 101, R.C. 2711.09 through 2711.14, inclusive, "* * * provide the only procedures for post award attack or support of an arbitration decision. However, an appeal may be taken 'from an order confirming,

---

[3] R.C. 2711.10 provides:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"(A)  The award was procured by corruption, fraud, or undue means.

"(B)  There was evident partiality or corruption on the part of the arbitrators, or any of them.

"(C)  The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

"(D)  The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."

[4] R.C. 2711.11 provides:

"In any of the following cases, the court of common pleas in the county wherein an award was made in an arbitration proceeding shall make an order modifying or correcting the award upon the application of any party to the arbitration if:

"(A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

"(B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

"(C) The award is imperfect in matter of form not affecting the merits of the controversy.

"The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

[5] R.C. 2711.13 provides:

"After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award."

modifying, correcting, or vacating an award made in an arbitration proceeding or from a judgment entered upon an award.' But the review is confined to the order. The original arbitration proceedings are not reviewable." (Citations omitted.)

From the foregoing, it is thus clear that when a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant this motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown.

While appellant properly construes the applicable law in this case, appellant fails to properly construe the facts to which these laws apply. Appellant, focusing on the language in the arbitration award that placement of the nurses on the teachers' salary schedule be "* * * commensurate with their respective experience, degree and number of hours of additional course study * * *," contends that the express import of the award was to place nurses and teachers with identical degrees and hours on identical salary schedules. Appellant then concludes that the trial court, by ordering that all nurses (including non-degreed nurses) be placed on the degree schedule, modified rather than confirmed the arbitration award in clear violation of the applicable statutory provisions.

Appellant's interpretation of the facts is simply not sustained by the record considered in its entirety. After the collective bargaining agreement became effective, but prior to the filing of the grievance in this case, appellant had not placed three of the four nurses represented by appellee on the degree salary schedule; the fourth nurse had not been placed on the appropriate level of the degree salary schedule. Resultantly, appellee filed a grievance on behalf of these nurses whereby the nurses sought to be made "* * * whole by correct placement on the agreed-to step of the Bachelor's Degree columns of the appropriate salary schedules, plus interest and any other emoluments deemed appropriate." The record clearly indicates that the arbitrator had no misconception of the crux of the grievance filed, *i.e.,* placement on the degree salary schedule.

The arbitrator's award stated that "[t]he grievance is sustained in its entirety." The court of appeals correctly reasoned that the grievance cannot be sustained without placing the grievants (*i.e.,* the nurses) in a different position for salary purposes post-arbitration than they were in pre-arbitration. Under appellant's urged interpretation of the arbitration award, however, the grievance, though sustained in its entirety by the arbitrator, would effect no change. Appellant's construction renders the grievance, though sustained, meaningless.

Furthermore, appellant's position does not square with other portions of the award. For instance, the arbitrator specifically found that "* * * the Board's [appellant's] refusal to place the grievants on the teacher's contractual salary schedule effective July 1, 1981, constituted a violation of Article I(A) and the applicable teacher salary schedules contained in the 1981-1983 Collective Bargaining Contract." In addition, not only did the

arbitrator grant the grievants' request to be made whole, he also granted their request for back pay. An award of back pay simply cannot be credibly reconciled with appellant's construction of the arbitration award.

After a careful review of the record in this case, it would appear that it is appellant, and not the courts, who is the one attempting to modify the award of the arbitrator. Indeed, were it not for the bad faith of appellant this case would not be pending before us. The arbitrator found, and the record clearly indicates, that appellee had agreed to pay non-degreed nurses pursuant to the schedule for degreed classroom teachers. Public agencies should be aware that their agreements are as sacrosanct as those made between strictly private parties. Public agencies, like those in the private sector, are bound by the agreements made by those who negotiate on their behalf. Such agreements are not subject to the subsequent whims and caprices of the public agency or its members. This court should not, and indeed will not, tolerate eleventh hour specious challenges to agreements made by public agencies after they have negotiated and have given their word.[6]

For the reasons stated above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

HOLMES and WRIGHT, JJ., concur in judgment only.

---

[6] It is indeed curious that no appeal was taken from the confirmation of the award as to grievant Cunningham. See fn. 2, *supra.*