THOMAS, Appellee,

v.

FRANKLIN COUNTY SHERIFF'S OFFICE, Appellant.

In re ARBITRATION BETWEEN FRATERNAL ORDER OF POLICE, CAPITAL CITY LODGE NO. 9, Appellee and Cross-Appellant, v. FRANKLIN COUNTY SHERIFF'S OFFICE, Appellant and Cross-Appellee.

[Cite as *Thomas v. Franklin Cty. Sheriff's Office* (1998), 130 Ohio App.3d 153.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 98AP–409 and 98AP–410.

Decided Sept. 29, 1998.

*Hunter, Smith, Carnahan & Shoub* and *Russell E. Carnahan,* for appellee and cross-appellant.

*Ron O'Brien,* Franklin County Prosecuting Attorney, and *Anne Thomson,* Assistant Prosecuting Attorney, for appellant and cross-appellee.

---

DESHLER, Presiding Judge.

Appellant, Franklin County Sheriff's Office, appeals from a judgment of the Franklin County Court of Common Pleas, granting the motion of appellee to dismiss appellant's motion to vacate an arbitration award.

On January 7, 1998, appellant filed with the trial court a motion to vacate an arbitration award issued on October 9, 1997. On January 26, 1998, in a separately filed case, appellee Fraternal Order of Police, Capital City Lodge No. 9 ("FOP") filed a petition to confirm the arbitration award of October 9, 1997. On February 13, 1998, the FOP filed a motion to dismiss appellant's motion to vacate on jurisdictional grounds. The FOP also filed a motion for summary judgment seeking confirmation of the arbitration award.

By agreement of the parties, the cases were consolidated for review by the trial court. By decision filed March 13, 1998, the trial court granted the FOP's motion to dismiss. The decision of the trial court was journalized by judgment entry filed April 8, 1998.

On appeal, the appellant sets forth the following single assignment of error for review:

"The trial court erred in finding that it lacked jurisdiction over appellant's R.C. 2711.13 appeal of an arbitration award because appellant's motion to vacate was not served upon the opposing party within three months of the date of the award, even though appellant's motion to vacate was filed within three months of the award date and the opposing party suffered no prejudice at [*sic*] a result."

The FOP has filed a cross-appeal, and asserts the following assignment of error:

"The lower court erred by failing to include in its Decision and Entry, an Order confirming the Award of the Arbitrator and directing the Franklin County Sheriff's Office to comply therewith."

The sole issue raised by appellant is whether the trial court erred in finding that it lacked jurisdiction to review appellant's motion to vacate the arbitration award.

R.C. Chapter 2711 sets forth "specific statutory procedures to vacate, modify, correct, or confirm an arbitration award." *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL–CIO, Local 2243* (1995), 71 Ohio St.3d 620, 623, 646 N.E.2d 813, 815. R.C. 2711.13 states:

"After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in a court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections 2711.10 and 2711.11 of the Revised Code.

"Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award."

The Ohio Supreme Court has held that "the vacation, modification or correction of an award may only be made on the grounds listed in R.C. 2711.10 and 2711.11, and then only when the application therefor is made by a party within the time allowed under R.C. 2711.13, *i.e.*, three months." *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173, 18 OBR 225, 227, 480 N.E.2d 456, 459. Thus, "[t]he jurisdiction of the courts to review arbitration awards is * * * statutorily restricted; it is narrow and it is limited." *Id.*

As previously noted, in the present case the arbitration award was rendered on October 9, 1997. The record further indicates that appellant's motion to vacate the award was filed on January 7, 1998; however, appellant acknowledges that, due to a clerical error, service was not made on the FOP until January 13, 1998, four days after the three-month time period set forth under R.C. 2711.13.

Appellant argued before the trial court that although the arbitration award was not delivered to counsel for the FOP until several days after the three-month period expired due to the clerical error, there was no showing of prejudice to the FOP by the failure to receive timely service. Appellant further

argued that, although the motion to vacate was not served within three months, the motion was nevertheless "filed" within three months.

The trial court, in granting the motion to dismiss, held that "strict compliance with the provisions of R.C. 2711.13 is mandatory," and thus concluded that the failure to provide service upon the FOP within the three-month period deprived the court of jurisdiction. We find no error in the trial court's determination.

While appellant relies on cases in which courts have stated in general that a motion to vacate must be "filed" within three-months after the award is delivered to the adverse party, none of the cases cited by appellant specifically address the issue of whether the motion to vacate an arbitration award must be served upon the opposing party within the three month limitation period in order for the court to have jurisdiction over the matter. However, in a case factually similar to the instant action, the court in *Teamsters Local Union 293 v. Mannesmann Demag Corp.* (Nov. 21, 1985), Cuyahoga App. No. 49914, unreported, 1985 WL 8460, held:

"R.C. 2711.13 required this employee and his union to file the present action and to notify the employer of its filing within three months. *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 173 [18 OBR 225, 227–228, 480 N.E.2d 456, 459]. In fact, the employee and the union filed this action within three months after the employee received the arbitration award. They filed it on the Monday following the Sunday which ended that interval. R.C. 1.14, 1.45. However, they failed to serve notice of their motion on the employer until seven days after the allowable time had expired. Hence, they did not comply with R.C. 2711.13."

■ As noted above, R.C. 2711.13 provides that "[n]otice of a motion to vacate * * * an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action." In construing the statutory language at issue, we agree with the court in *Mannesmann* that, pursuant to R.C. 2711.13, a motion to vacate an arbitration award must be served upon the opposing party within three months after the award is delivered; thus, in the instant case, the trial court did not err in granting the FOP's motion to dismiss.

Based upon the foregoing, appellant's single assignment of error is overruled.

■ We next address the assignment of error raised by the FOP on cross-appeal. The FOP argues that, while the trial court granted the FOP's motion to dismiss, thus leaving in place the arbitration award, the court did not expressly indicate that the award was confirmed.

R.C. 2711.09 provides for confirmation of an arbitration award, and states:

"At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."

The syllabus of *Warren,* 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456, states that "[w]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown."

In the present case, a timely application to confirm the award was made by the FOP. However, as held above, the motion to vacate the award was not made within the three-month time limit pursuant to R.C. 2711.13. Under these circumstances, the trial court was obligated to confirm the award. *Warren, supra.* While the trial court's decision may, as argued by the FOP, be construed as implicitly confirming the award by denying the motion to vacate, to the extent the court failed to expressly address this issue, the cross-assignment of error of the FOP is sustained and this matter is remanded to the trial court with instructions to confirm the arbitration award and enter judgment in favor of the FOP.

Based upon the foregoing, appellant's single assignment of error is overruled, the cross-assignment of error of the FOP is sustained to the extent provided above, the judgment of the trial court granting the FOP's motion to dismiss is affirmed, and this matter is remanded to the trial court with instructions to enter an order confirming the arbitration award.

*Judgment affirmed*
*and cause remanded with instructions.*

BOWMAN and MASON, JJ., concur.