DECISION AND JOURNAL ENTRY
Appellants, Lateryl Sharpe and Weaver Workshop and Support Association, OEA/NEA (Weaver), have appealed from a judgment of the Summit County Common Pleas Court that dismissed their motion to confirm the arbitration award. This Court affirms.
 I.
The facts in this case are not in dispute. On June 18, Weaver filed a grievance with Appellee, Summit County Board of Mental Retardation and Developmental Disabilities, on behalf of Sharpe as a result of a two-day suspension of Sharpe issued by Appellee. Pursuant to the collective bargaining agreement, the grievance was submitted to arbitration. After a hearing, the arbitrator issued his decision in favor of Appellants on July 10, 1998. The arbitrator's opinion listed the award as follows:
 1. [Appellee] failed to prove by clear and convincing evidence that the Grievant's disciplinary suspension of two (2) days was for just cause.
2. The grievance is sustained.
 On November 10, 1998, Appellants filed a motion to confirm the arbitration award in the Summit County Common Pleas Court. To that motion, Appellants attached a copy of the arbitrator's opinion, a copy of the collective bargaining agreement, and copies of the post-hearing briefs submitted by each of the parties to the arbitrator. In that motion, Appellants pointed to their brief and noted that they requested the arbitrator to: 1) uphold the grievance; 2) grant Sharpe one and one-half times her daily rate of pay for the two-day suspension, plus interest from the date of her suspension; 3) order Appellee to expunge her disciplinary record; and 4) make Sharpe whole. Appellants moved the common pleas court to confirm the arbitration award including the relief requested by Appellants during the hearing and in their brief.
On November 25, 1998, Appellee added two additional days of pay to Sharpe's regular paycheck, which Sharpe cashed. Subsequently, Appellee moved the trial court to dismiss Appellants' motion to confirm the arbitration award. The trial court granted Appellee's motion to dismiss. Appellant's timely appealed, asserting one assignment of error.
 II. The trial court erred in granting Appellee Board's motion to dismiss where Appellant properly filed a motion to confirm an arbitration award pursuant to R.C. 2711.09 and Warren Education Association v. Warren City Board of Education, 18 Ohio St.3d 170, 174 (1985).
 In their sole assignment of error, Appellants have asserted that the trial court erred when it dismissed their motion to confirm the arbitration award. Specifically, they have asserted that Sharpe's act of cashing her normal paycheck did not, in fact, satisfy the judgment. Further, they have asserted that the trial court was required to confirm the award because no motion to modify, vacate or correct the judgment was filed. This Court disagrees with both of their assertions.
The trial court dismissed this case on the authority of Lubyv. Safeco Ins. Cos. (Oct. 29, 1987), Cuyahoga App. No. 52874, unreported, 1987 Ohio App. LEXIS 9331. In Luby, the appellant moved the trial court to confirm an arbitration award. The appellee moved for summary judgment on the grounds that the arbitration award had been duly paid and accepted by the appellant. The trial court granted the appellee's motion, and the Eight District Court of Appeals affirmed, noting that the purpose of the R.C. 2711.09 is to enable the parties to an arbitration an opportunity to obtain satisfaction of the award. Id. at * 3. The court of appeals concluded that once the appellant received and accepted payment in satisfaction of the arbitration award, the arbitration award was ratified. Id. at *4. Because the award had already been ratified, her motion to confirm the arbitration award presented no case or controversy for the court to decide. Id.
Appellants attempt to distinguish this case from Luby by noting that the appellant in Luby moved the court to confirm the arbitration award after she had already accepted payment of the judgment. This Court does not consider that distinction relevant. Once Sharpe accepted the payment for the two-days of missed work, she ratified the arbitration award, thereby, leaving no case or controversy for the trial court to decide.
Even assuming that Sharpe's acceptance of the payment did not satisfy the arbitration award, this Court concludes that the trial court did not have authority to grant Appellants' motion to confirm. R.C. 2711.09 provides:
 At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.
 It is well established that a court cannot modify an arbitration award if a request to modify is not brought within three months of the arbitrator's decision. Warren Edn. Assn. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, 173. In an action to confirm an arbitration award pursuant to R.C. 2711.09, a court order modifying the arbitrator's award is void ab initio, because the trial court can only modify arbitration awards under R.C. 2711.11 when an action has been filed in compliance with R.C. 2711.13. Id. at 172.
Although Appellants styled their motion as a motion to confirm the arbitration award, they were, in effect, attempting to modify or correct the arbitrator's award to include reimbursement for time and a-half and prejudgment interest. The arbitrator's decision makes no such award. Appellants, in their motion to confirm as well as in their brief to this Court, have pointed to their post-hearing brief to the arbitrator in an attempt to show that, when the arbitrator sustained their grievance, he actually granted the exact relief that they had requested. Even if the arbitrator had, in fact, attempted to grant the specific relief that Appellants had requested, his decision does not make such an award. Appellants, therefore, were asking the trial court to correct that omission or to modify the award to reflect that relief. By Appellants' own admission in their briefs to this Court, the trial court does not have the authority to make such a modification or correction. As such, even if the trial court's dismissal was improper, the error was harmless. Appellants were not entitled to have the arbitrator's award modified or corrected; therefore, they were not harmed by the trial court's dismissal of their motion. Any order of the trial court modifying the arbitrator's award as requested by Appellants would have been voidab initio. Accordingly, Appellants' assignment of error is overruled.
 III.
Appellants' sole assignment of error is overruled. The judgment of the trial court is affirmed.
 __________________ BETH WHITMORE
BATCHELDER, P.J., SLABY, J. CONCUR.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.