DECISION
Respondent-appellant, the State of Ohio, Office of the Attorney General ("employer"), appeals from a judgment of the Franklin County Court of Common Pleas confirming the arbitration award rendered in the grievance brought on behalf of Thomas Murphy. On appeal, the employer assigns a single error:
 THE COURT OF COMMON PLEAS FAILED TO DISTINGUISH BETWEEN EVENTS THAT WERE PROPERLY BEFORE IT AND THOSE THAT WERE NOT.
Because the common pleas court properly confirmed the decision of the arbitrator, we affirm.
Petitioner-appellee, Fraternal Order of Police, Ohio Labor Council, Inc., is the exclusive bargaining representative for employees in the state of Ohio bargaining unit identified as State Unit Forty-Six, which includes Thomas Murphy. Murphy is employed by the state of Ohio in the classification of Peace Officer Training Compliance Officer. On February 23, 1996, a vacancy was posted for the Special Agent in the Bureau of Criminal Identification and Investigation ("BCI I"). Murphy bid on the vacancy, but on May 21, 1996, he was advised that his bid was denied in favor of an outside hire.
Pursuant to Article 26 of the collective bargaining agreement between petitioner and the employer, Murphy filed a grievance, which the employer denied. Accordingly, the grievance was submitted to arbitration under the agreement. The arbitrator determined the employer did not follow the terms of the collective bargaining agreement, which required the employer to promote and transfer internally prior to seeking external candidates. Although the agreement allowed the employer to hire from the outside if the employer could show that the outside candidate possessed demonstrably superior abilities and qualifications, the arbitrator determined that the employer failed to carry out that burden. The arbitrator thus concluded that Murphy "should have received and been granted the job bid. * * * [T]he grievance should be and hereby is sustained. The Grievant should be made whole in any difference in the pay of the job held during the interim period and the pay grade of the job to which he should have been promoted." (Decision and Award, p. 11.) Because, however, the arbitrator's decision assumed that Murphy was the senior bidding applicant for the position, the arbitrator determined he would retain jurisdiction in the event the assumption was incorrect, allowing the parties the opportunity to file briefs on the issue.
The employer pursued the opportunity and filed a brief raising the issue, to which petitioner responded. The arbitrator ultimately issued a "Supplemental Decision and Award" to address whether the original decision resulted in Murphy's receiving "promotion over some bidding fellow employees whose seniority was greater than that of the Grievant." (Supplemental Decision and Award, p. 1.)
In considering the issue, the arbitrator concluded that because "the grievance was solely that of the Grievant and on his behalf, only the Grievant is entitled to the job just as he would have been had he been the only bidder. * * * The Grievant should be made whole in any difference in the pay of the job held during the interim period and the pay grade of the job to which he should have been promoted. The Grievant should have received and been granted the job bid." (Id., p. 2.)
In response to the Supplemental Decision and Award, the employer offered the position to Murphy contingent on completion of a successful background check and polygraph examination. Believing that offer did not comply with the arbitrator's decision, the petitioner on July 28, 1998, filed an application and motion to confirm the arbitration award. The matter was referred to a magistrate who issued a decision concluding that because "the arbitration decision clearly indicates the job, with appropriate back pay, was awarded to the grievant, [the employer's] argument is without merit. It is this Magistrate's holding that [the employer] has not complied with the Arbitrator's Decision, insofar as it has not placed the grievant in the position the Arbitrator awarded him. Further [the employer] has admitted not awarding the grievant any back pay." (Magistrate's Decision, p. 3.)
The employer filed objections to the magistrate's decision, but by decision rendered July 30, 1999, the common pleas court overruled the employer's objections, and adopted the magistrate's decision to confirm the arbitration award. The court was unpersuaded by the employer's argument that because the arbitrator lacked information regarding the results of Murphy's subsequent background check, the only issue before the arbitrator at the time of the arbitration hearing was whether a violation of the seniority provision of the labor agreement had occurred. Adopting the magistrate's rationale, the common pleas court pointed out that the employer filed no objections to the wording of the issue in the arbitrator's decision, which stated: "[t]he issue may be stated as to whether or not the Employer violated Article 28, Section 2 of the Collective Bargaining Agreement when it denied employment to the Grievant and filled the position from an outside hire." (Arbitrator's Jan. 6, 1998 Decision and Award.) The common pleas court determined that provision of the agreement concerned the overall selection process as opposed to just the issue of seniority, and thus concluded the arbitrator's decision made clear that the scope of the arbitration hearing entailed the overall selection process, not just the seniority issue.
Moreover, noting that Article 28, Section 2 of the Collective Bargaining Agreement placed on the employer the burden to prove a new employee hired from the outside is better qualified, the common pleas court concluded any background information which the employer deemed to be pertinent should have been collected prior to the arbitration hearing.
Accordingly, the common pleas court found the employer's objections were not well-taken and adopted the magistrate's decision confirming the arbitration award. The employer appeals, challenging the common pleas court's decision.
The appellate review of an arbitration award is limited to an evaluation of the confirmation order of the common pleas court; it does not include a review of the substantive merits of the award absent evidence of material mistakes or extensive impropriety. Brumm v. McDonald Co. Sec., Inc. (1992), 78 Ohio App.3d 96,104.
In challenging the common pleas court's decision, the employer suggests the common pleas court failed to distinguish between events that were properly before it and those that were not. Specifically, the employer contends it has "complied with the award rendered by Arbitrator Morgan in placing Thomas Murphy back to where he would have been had the employer not hired an outside applicant for the job that Murphy wanted." (Appellant's Brief, p. 3.) In support of its argument, the employer contends that a background investigation is routinely conducted on all applicants who hold law enforcement positions. Since Murphy previously had not been a law enforcement officer with the employer, a background check became an issue and was necessary prior to his transfer to BCI I.
The employer's argument suggests two possibilities: (1) the common pleas court improperly discerned the nature of the arbitrator's award, or (2) the arbitrator improperly framed the issue and thus decided an issue not submitted for arbitration.
The common pleas court did not improperly determine the nature of the arbitrator's award. The arbitrator very clearly found that Murphy should be made whole in terms of back pay and should receive and be granted the job he bid. Although the employer contends the arbitrator's decision relates solely to the issue of seniority, the language the arbitrator used in rendering his decision suggests to the contrary. Indeed, as the common pleas court noted, the issue the arbitrator framed for his determination went beyond the issue of seniority and determined whether the employer violated Article 28, Section 2 of the Collective Bargaining Agreement in denying employment to the grievant.
Moreover, to the extent the employer suggests the arbitrator exceeded the scope of the issue presented for his consideration, the employer's remedy lay in the statutory provisions governing arbitration. While R.C. 2711.09 allows any party to an arbitration to apply to the court of common pleas for an order confirming the award, the court may refuse to do so if the award is vacated, modified or corrected as allowed in R.C.2711.10 or 2711.11. Under R.C. 2711.10, an award may be vacated if the arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Similarly, under R.C. 2711.11, the court may modify an award if the arbitrators have awarded upon a matter not submitted to them. On petitioner's filing a motion to confirm the arbitration award, the employer did not argue that the arbitrator awarded on a matter not submitted to him, nor did they contend the arbitrator exceeded his powers. Instead, the employer contended the arbitrator's decision did not grant Murphy the position. The common pleas court properly concluded it did.
Lastly, to the extent the employer contends the background search is a necessary prerequisite to allowing Murphy to fill the position at issue, the common pleas court properly noted that the employer bears the burden of showing that an outside hire possesses demonstrably superior qualities for the position. Had the employer felt Murphy's background information would disqualify him from the position and place the outside hire in a demonstrably superior position, the employer bore the burden of presenting that information to the arbitrator. Having failed to do so, the employer, as the arbitrator concluded, failed to bear its burden that an outside hire was permissible under the language of the collective bargaining agreement.
In the final analysis, when "a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." Warren Edn. Assn. v. Warren City Bd. of Edn.
(1985), 18 Ohio St.3d 170, syllabus. Here, on petitioner's motion to confirm the arbitration award, the employer did not file a timely motion to modify or vacate. Nor has the employer shown cause to modify or vacate. An issue was submitted to the arbitrator, and the arbitrator decided the issue. Under the circumstances, the common pleas court had no discretion but to confirm the arbitrator's award.
Accordingly, the employer's single assignment of error is overruled, and the judgment of the trial court is affirmed.
BROWN and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.