OPINION
{¶ 1} Defendants-appellants, Kenneth J. Carson (individually, "defendant") and Janet Carson, appeal from the February 26, 2004 judgment of the Franklin County Court of Common Pleas confirming an arbitration award issued October 16, 2003 and granting plaintiff-appellee, CitiFinancial Mortgage Company, Inc. ("CitiFinancial"), foreclosure on defendants' note and mortgage. Because the arbitrator did not abuse his discretion in refusing defendants' requested continuance, and because the common pleas court properly confirmed the arbitration award, we affirm.
 {¶ 2} According to the record, defendants entered into a note and mortgage agreement in 1997 with a financial company that CitiFinancial subsequently acquired. In January 2001, defendants refinanced their mortgage with CitiFinancial, but thereafter failed to make any payments on the new mortgage.
 {¶ 3} On July 19, 2001, CitiFinancial filed a lawsuit against defendants in the Franklin County Court of Common Pleas to foreclose its lien on defendants' real estate in Columbus that secured defendants' obligations on their note and mortgage. On September 4, 2001, defendants filed a 16-count counterclaim against CitiFinancial, and on June 21, 2002, the trial court granted CitiFinancial's motion to refer the entire matter to arbitration pursuant to the parties' agreement.
 {¶ 4} On December 12, 2002, an arbitrator appointed by the American Arbitration Association conducted a scheduling conference with the parties by telephone and set the arbitration hearing for July 7, 2003. During a scheduled conference call with the arbitrator on June 20, 2003, defendant moved for a continuance of the July 7, 2003 arbitration hearing, claiming he suffered from depression that prevented him from properly preparing for the arbitration hearing. Despite defendant's failure to submit proof verifying his alleged depression, the arbitrator on July 2, 2003, granted defendant's request for a continuance and rescheduled the arbitration hearing for August 26, 2003.
 {¶ 5} Notwithstanding defendant's alleged inability to prepare for a hearing in this case due to depression, the record reflects that in an employment discrimination action pending in federal court against his former employer, defendant, again acting pro se, prepared and filed a motion for partial summary judgment, together with a 28-page memorandum and numerous exhibits in support of the motion. Defendant filed the motion and supporting documents on July 7, 2003, the day the arbitration hearing in this case originally was set to begin.
 {¶ 6} At the August 26, 2003 arbitration hearing, defendant, who appeared pro se on defendants' behalf, moved for a postponement of the hearing as it began. Defendant asserted a continuance was needed because (1) defendant still suffered from depression, and Janet, his wife and co-defendant, was now taking medication for depression, (2) defendants needed additional time to conduct discovery of CitiFinancial's loan files, and (3) defendants had decided to now seek legal representation.
 {¶ 7} In support of his claimed depression, defendant submitted pages photocopied from the Diagnostic and Statistical Manual of Mental Disorders that describe the term "major depressive episode." In addition, he submitted medical treatment notes from July 2003 that noted some of defendant's physical ailments, as well as a letter dated August 22, 2003 from a staff psychiatrist at a Department of Veterans Affairs clinic. The letter states: "Mr. Kenneth Carson is a patient of mine. As of our last visit he was still suffering with depression."
 {¶ 8} In considering the postponement request, the arbitrator commented that the complexity of defendants' case and the benefit of having expert testimony and legal counsel were reviewed in detail with defendant during the initial pre-hearing conference in December 2002. The arbitrator noted he previously had granted defendants a postponement on short notice for alleged health reasons, and the issue of defendant's health had been discussed at length in telephone conferences in June and July. The arbitrator observed that despite the opportunity and repeated encouragement to consult with and obtain counsel, defendants waited to pursue possible legal representation until the time of the arbitration hearing, at which CitiFinancial was ready to proceed with counsel, a corporate representative, and three to five witnesses who were present or en route from out of state. Upon balancing the rights of both parties, the arbitrator denied defendants' request for a continuance.
 {¶ 9} The arbitration hearing proceeded, and the parties presented testimonial and documentary evidence in support of their respective claims for over four days. On October 16, 2003, the arbitrator issued a decision, awarding (1) CitiFinancial foreclosure on defendants' note and mortgage in the full amount of $146,095.33, plus interest, on its claim, and (2) defendants a setoff of $1,745.55, plus interest, on their counterclaim for breach of contract. (Oct. 16, 2003 Award of Arbitration, 15.)
 {¶ 10} CitiFinancial then filed an application with the common pleas court to confirm the arbitration award pursuant to R.C. 2711.09 and moved the court to enter a judgment and decree in foreclosure on behalf of CitiFinancial pursuant to R.C.2711.12. Defendants moved to vacate the award pursuant to R.C.2711.10, arguing the arbitrator's refusal to grant a continuance of the August 26, 2003 arbitration hearing constituted misconduct and denied defendants due process.
 {¶ 11} On February 26, 2004, the common pleas court entered an order confirming the arbitration award and granting a judgment and decree in foreclosure on behalf of CitiFinancial, setoff by the amount awarded to defendants on their counterclaim. Defendants appeal, assigning the following errors:
I. The trial court committed abuse of discretion and prejudicial error when it failed to vacate the arbitrators ruling and award under r.c. § 2711.13, because of arbitrator misconduct and lack of standing to address the mental depression of mr. carson under the arbitration agreement, as filed by mr. carson.
II. The trial court lost jurisdiction over the subject matter and also lost jurisdiction inpersonam when the court, pursuant to the voluntary motion of plaintiff to vacate; vacated the confirmation of the award, and the judgment and decree in foreclosure against defendants.
III. The trial court committed abuse of discretion and prejudicial error against defendants when the court vacated the original order confirming the award and the judgment and decree in foreclosure after the 90-day period allowing for confirmation because of lack of jurisdiction by the court.
IV. The trial court errored [SIC] to the prejudice of defendants, and it amounted to an abuse of discretion when the court failed to vacate the first ruling and award of the arbitrator upon learning that plaintiff mishandled the service and delivery of the original arbitration award and confirmation, upon the filing of plaintiffs motion to vacate.
 {¶ 12} Ohio public policy favors arbitration to resolve disputes. Griffith v. Linton (1998), 130 Ohio App.3d 746, 750, citing Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708,711. A court's jurisdiction to review arbitration awards is narrow. Kelm v. Kelm, Franklin App. No. 03AP-472, 2004-Ohio-1004, ¶ 22, citing Warren Edn. Assn. v. Warren CityBd. of Edn. (1985), 18 Ohio St.3d 170, 173. "When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." Warren Edn. Assn., at syllabus. R.C. 2711.10(C) provides that a court of common pleas may vacate an arbitration award upon an application of one of the parties if "[t]he arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." On appeal, this court's review is limited to an evaluation of the common pleas court's confirmation order without review of the substantive merits of the award, in the absence of material mistake or extensive impropriety. Michael v. AmericanArbitration Assn. (Aug. 17, 1999), Franklin App. No. 98AP-1317, discretionary appeal not allowed, 87 Ohio St.3d 1462.
 {¶ 13} In their first assignment of error, defendants assert the common pleas court's order confirming the arbitration award should be reversed, and the arbitration award vacated, because the arbitrator committed misconduct under R.C. 2711.10(C) in failing to schedule an evidentiary hearing into defendant's competency to proceed before refusing to postpone the August 26, 2003 arbitration hearing. Defendants argue the arbitrator granted a continuance of the July 7, 2003 hearing due to defendant's depression and, because defendant's condition had not improved sufficiently to go forward with the hearing scheduled on August 26, 2003, a second continuance should have been granted in accordance with the "doctrine of presumption of continued illness" and Civ.R. 35(A).
 {¶ 14} The decision to grant or deny a continuance is discretionary. Michael, supra. Defendants must demonstrate that in light of the information presented to the arbitrator, the arbitrator abused his discretion in denying the requested continuance. Id., citing Vet-O-Vitz Masonry Systems, Inc. v.Schnabel Associates, Inc. (Aug. 25, 1988), Cuyahoga App. No. 54261. Without a conclusive showing of inequitable and unavoidable hardship, an arbitrator is within his or her discretionary bounds in denying a request for a continuance. Id.
 {¶ 15} Initially, we note that defendants cite no authority for the supposed "doctrine of presumption of continued illness." Nor do defendants cite any applicable legal authority in support of their contention that the arbitrator, before ruling on defendants' requested postponement, was required to schedule an evidentiary hearing regarding defendant's mental competency, even though the record shows defendants made no request for such a hearing. Civ.R. 35(A), cited by defendants as "appear[ing] to apply," generally applies during the discovery phase of proceedings, not at a hearing that is equivalent to a trial proceeding. Moreover, the rule places limits upon, rather than affirmatively obligates, a court regarding orders for a competency examination, permitting such an examination only when the party's mental condition is "in controversy" with respect to the support or defense of a claim at issue. See Schlangenhauf v.Holder (1964), 379 U.S. 104, 118-119, 85 S.Ct. 234, 242-243. Here, defendant did not raise mental incompetency resulting from depression as a defense to CitiFinancial's claim or in support of a counterclaim. Rather, he contended that depression prevented him from preparing for and participating in the August 26, 2003 arbitration hearing.
 {¶ 16} Moreover, contrary to defendants' contentions, the record does not reflect that the arbitrator committed misconduct in refusing to postpone the arbitration hearing on August 26, 2003 based on defendant's allegation that depression rendered him incapable of litigating. In support of the requested postponement, defendant presented copies of medical treatment notes and a purported letter from a physician stating that defendant suffered with "depression" "as of our last visit." However, neither the medical notes nor the letter was notarized or authenticated, and neither stated that defendant's "depression" or physical ailments rendered him incapable of litigating. In addition, the record before the arbitrator contained documentation that shortly after the arbitrator granted defendants the prior continuance based on defendant's claim that depression prevented him from properly preparing for the originally scheduled hearing, defendant was capable of preparing and filing a motion and extensive legal memorandum in another case.
 {¶ 17} Furthermore, defendants' request for a second postponement was untimely, being presented after the August 26, 2003 arbitration hearing began. The parties' lawsuit had been pending for more than two years, and CitiFinancial was ready to proceed at the hearing with several out-of-state witnesses brought in at its expense. Defendant acknowledged that defendants did not make a decision to seek legal representation until the eve of the August 26 hearing, even though the arbitrator had encouraged defendants since December 2002 to seek legal representation because of the risks defendants faced in proceeding without counsel.
 {¶ 18} Under the circumstances, the arbitrator's refusal to grant defendants' request for a second postponement of the arbitration hearing was well within his sound discretion and did not constitute misconduct under R.C. 2711.10(C). Accordingly, defendants' first assignment of error is overruled.
 {¶ 19} Defendants' second, third, and fourth assignments of error are interrelated and will be discussed jointly. Defendants first assert that defendants were not given five days notice of CitiFinancial's application to confirm the arbitration award before the common pleas court entered its judgment confirming the award, as R.C. 2711.09 required.
 {¶ 20} The record reflects that on November 20, 2003, CitiFinancial mailed to the common pleas court both an application for an order confirming the arbitration award and a motion for judgment and decree in foreclosure, with copies mailed to defendants on the same date. The court entered CitiFinancial's proposed order and judgment on November 26, 2003. For some unexplained reason, however, CitiFinancial's application and motion were not date-stamped and entered into the court record until December 3, 2003, after the common pleas court entered its confirmation order and judgment of foreclosure.
 {¶ 21} Because the record did not reflect that defendants received five days notice under R.C. 2711.09 between the date CitiFinancial's confirmation application was served or filed and the date the court entered its order granting the application, CitiFinancial filed a motion with the court on January 27, 2004 (1) to vacate the court's November 26, 2003 confirmation order and judgment of foreclosure, and (2) to enter a new confirmation order and judgment of foreclosure after defendants were provided with an additional five days notice of CitiFinancial's confirmation application and motion for judgment of foreclosure.
 {¶ 22} On February 3, 2004, the court granted CitiFinancial's motion to vacate the court's November 26, 2003 order and judgment, and it notified defendants that CitiFinancial's December 3, 2003 filed application for confirmation of arbitration award and motion for judgment and decree in foreclosure would come before the court for a non-oral hearing after six days. On February 26, 2004, well after R.C. 2711.09's five-day waiting period, the court entered a new order confirming the arbitration award and granting CitiFinancial a judgment and decree in foreclosure.
 {¶ 23} Contrary to defendants' assertion, the record reflects that the five-day notice requirement of R.C. 2711.09 was satisfied. At least three weeks lapsed between the time the court notified defendants on February 3, 2004 of CitiFinancial's still pending confirmation application and motion for judgment of foreclosure and the time the court entered its order on February 26, 2004 granting CitiFinancial's pending application and motion. Defendants nonetheless assert the common pleas court lacked jurisdiction to enter the February 26, 2004 order and judgment because, contrary to R.C. 2711.13, CitiFinancial's January 27, 2004 motion to vacate was filed more than 90 days after the arbitrator issued his award.
 {¶ 24} The three-month limitation period set forth in R.C.2711.13 for filing a motion to vacate with the common pleas court is inapplicable because that limitation applies to a motion to vacate an arbitration award. CitiFinancial did not move to vacate the arbitration award; rather, CitiFinancial moved to vacate the court's own order and judgment entered on November 26, 2003. At the same time, CitiFinancial reaffirmed its request that the common pleas court confirm the arbitration award. Even if CitiFinancial's application to the common pleas court for confirmation of the arbitration award were not made until January 27, 2004, the application would be timely because CitiFinancial had one year from the date of the arbitration award to file an application for an order confirming the arbitration award. R.C.2711.09.
 {¶ 25} Finally, defendants contend the common pleas court was divested of jurisdiction when it granted CitiFinancial's January 27, 2004 motion to vacate the arbitration award and the court's November 26, 2003 order and judgment. However, as noted, CitiFinancial did not move to vacate the arbitration award. Neither did the common pleas court vacate the arbitration award, as defendants also suggest. The court vacated only its own November 26, 2003 order and judgment that prematurely disposed of CitiFinancial's application for confirmation and motion for judgment of foreclosure. The court retained jurisdiction in this case when it vacated its prior order and judgment because upon vacation of the order and judgment, CitiFinancial's application for confirmation and motion for judgment of foreclosure remained pending for the court's disposition.
 {¶ 26} Based on the foregoing, defendants' second, third and fourth assignments of error are overruled.
 {¶ 27} Having overruled defendants' four assignments of error, we affirm the common pleas court's order confirming the October 16, 2003 arbitration award and granting CitiFinancial a judgment and decree in foreclosure.
Judgment affirmed.
Klatt and McCormac, JJ., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.