DECISION
{¶ 1} Defendant-appellant, Dale F. Everett, appeals from a judgment of the Franklin County Court of Common Pleas confirming an arbitration award issued against defendant in favor of plaintiff-appellee, MBNA America Bank, N.A. ("MBNA"). Because the trial court properly determined it lacked jurisdiction to consider defendant's challenge to the arbitration award, and consequently properly confirmed the award, we affirm.
 {¶ 2} On April 18, 2004, MBNA filed a "Motion and Application to Confirm and Enforce Arbitration Award." Attached to the motion were two awards in favor of MBNA, totaling $25,980.35. In its motion, MBNA asserted that, pursuant to a contract between MBNA and defendant, an arbitration had been held at which an arbitrator reviewed all written evidence, heard oral testimony, and issued the two attached awards. MBNA further asserted that, although demand had been made on defendant, defendant had failed to liquidate the balance owing.
 {¶ 3} On May 19, 2004, defendant filed a "Response to Motion and Application to Confirm and Enforce Arbitration Award and Counterclaim." In it, defendant contended the contract at issue was void because MBNA "has no expressed or implied authority to lend its credit or surety." (Response, ¶ 1.) Because defendant asserted the judgment was void, defendant also contended "the arbitration finding is worthless." (Response, ¶ 2.)
 {¶ 4} In response, MBNA on June 8, 2004, filed a motion to strike defendant's opposition to its motion to confirm. Relying heavily onWarren Edn. Assoc. v. Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170,173, MBNA contended defendant's response was not appropriate under R.C.2711.09 through 2711.14, and even if it were appropriate in form, it was untimely and left the court without jurisdiction to consider the allegations contained in it
 {¶ 5} On July 16, 2004, the trial court entered a decision and entry concluding (1) defendant's response to MBNA's motion and application to confirm the arbitration award was not a motion to modify, vacate, or correct the arbitration award, and (2) even if it be deemed an appropriate response, it was filed after the applicable time limit set forth in R.C. 2711.13. Accordingly, the trial court ordered defendant's response stricken from the record and confirmed the arbitration award, with interest at the rate of ten percent per annum from the date of the award.
 {¶ 6} Defendant appeals, assigning the following errors:
1. The Plaintiff-Appellee failed lawful authority to engage in the lending of its credit or surety.
2. There existed no valid contract between the parties containing a provision for arbitration.
3. There existed no provision between the parties for arbitration therefore Ohio Revised Code 2711 does not apply.
 {¶ 7} "A trial court's ability to review an arbitration award is statutorily restricted and narrow under R.C. Chapter 2711." FraternalOrder of Police v. Perry Cty. Commrs., Perry App. No. 02-CA-14, 2003-Ohio-4038, at ¶ 10. In ruling on a motion pursuant to R.C. 2711.09
to confirm an arbitration award, the trial court must grant the motion "unless cause is shown for its modification or vacation; and the motion to confirm must be made within one year after the award is rendered. After that time the remedy would be a suit on the award." Warren Edn.Assoc., at 173, quoting pages Ohio Revised Code Annotated.
 {¶ 8} In contrast to a motion to confirm, "the vacation, modification or correction of an award may only be made on the grounds listed in R.C.2711.10 and 2711.11, and then only when the application therefor is made by a party within the time allowed under R.C. 2711.13, i.e., three months." Id. "[I]t is thus clear that when a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant this motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." Id. at 174. See, also, Thomas v. Franklin Cty. Sheriff's Office (1998),130 Ohio App.3d 153 (concluding that timely filing of a motion to vacate, but without timely service, left the trial court without jurisdiction to review the motion).
 {¶ 9} Here, according to the attachments to MBNA's motion, the arbitration award "was duly entered and the Forum hereby certifies that a copy of this Award was sent by First Class Mail postage prepaid to the parties at the above referenced address on this date." (Exhibit A to MBNA's motion.) The arbitration award indicates a date of December 15, 2003. Similarly, the second arbitration award, also designated Exhibit A, contains the same language and indicates a mailing date of January 12, 2004. Defendant neither contests the delivery date, nor suggests his filing was within three months of the date the award was delivered. Cf.Fraternal Order of Police, supra (determining the date of delivery by the postmark on the priority mail sending the award to the parties).
 {¶ 10} Given the provisions of R.C. Chapter 2711, the Ohio Supreme Court's application of those statutes in Warren Edn. Assoc., and the significant lapse in time between the December 15, 2003 and January 12, 2004 awards and defendant's May 15, 2004 filing, the trial court properly concluded it lacked jurisdiction to consider defendant's response, even if it be deemed an appropriate motion to vacate pursuant to R.C. 2711.13. Moreover, in the absence of a timely motion to vacate, the trial court was required to grant the motion to confirm. Id.
 {¶ 11} Because the trial court was without jurisdiction to consider the contentions set forth in defendant's response, reiterated in his assignments of error, the assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Sadler and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.