**MBNA AMERICA BANK, N.A., Appellant,**

**v.**

**O'BRIEN, Appellee.**

[Cite as *MBNA Am. Bank, N.A. v. O'Brien,* 168 Ohio App.3d 137, 2006-Ohio-3757.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21216.

Decided July 21, 2006.

James Oh and Michael J. Chapman, for appellant.

Terrence P. O'Brien, pro se.

WOLFF, Judge.

{¶ 1} MBNA America Bank, N.A. ("MBNA") appeals from a judgment of the Montgomery County Court of Common Pleas, which dismissed its request to confirm an arbitration award against Terrence O'Brien.

{¶ 2} By way of background, O'Brien opened a credit card account with MBNA. Pursuant to the terms of the cardholder agreement, MBNA and O'Brien agreed to arbitrate any claim or dispute arising out of the use of the extension of credit in the National Arbitration Forum. After O'Brien defaulted on the account, MBNA submitted its claim to the National Arbitration Forum pursuant to the cardholder agreement. On June 3, 2004, the arbitrator found in favor of MBNA in the amount of $49,922.06.

{¶ 3} On March 11, 2005, MBNA filed a motion and an application to confirm and enforce the arbitration award. The court found that MBNA's application was deficient because it failed to include certain documents, pursuant to R.C. 2711.14. The court therefore ordered MBNA to supplement the application by April 21, 2005. MBNA submitted a response on May 4, 2005. On May 6, 2005, the court dismissed the application, without prejudice, for failure to prosecute.

{¶ 4} On June 1, 2005, MBNA filed the instant action, again seeking confirmation of the arbitration award. MBNA attached the National Arbitration Forum

award, the credit card agreement between the parties (which included the arbitration clause at issue), and an affidavit of its attorney, which authenticated the copies of the award and the agreement. The trial court set a hearing on the application for July 20, 2005. The court also issued an order, sua sponte, stating that "the Application is deficient in that Plaintiff has failed to file one or more of the following: 1) The Agreement; 2) The Arbitration Award; or 3) Each Notice, Affidavit, or other paper used upon an Application, as required pursuant to ORC § 2711.14." The court ordered MBNA to supplement its application within 14 days, showing cause as to why the case should not be dismissed. MBNA did not respond to the show-cause order.

{¶ 5} As scheduled, a hearing was held on July 20, 2005, with both parties present. Neither party submitted additional evidence, although MBNA directed the court to the award and arbitration agreement attached to the application. The court orally denied the application, stating that MBNA had failed to comply with R.C. 2711.09 and to present any testimony as to the arbitration award. The following day, the court dismissed the action with prejudice, again finding that MBNA had failed to comply with R.C. Chapter 2711 and to present evidence relating to the arbitration agreement and/or award. MBNA appeals from that judgment.

{¶ 6} MBNA asserts that the trial court erred in failing to grant its application for confirmation of the arbitration award. It argues that the court lacked discretion to review the award and that it must grant an application for confirmation unless the award is vacated, modified, or corrected. MBNA further asserts that the trial court erred in dismissing its action with prejudice.

{¶ 7} O'Brien responds that the credit card purchases were made on behalf of his former employer, Trojan Manufacturing Company, Inc. and that the company has fully recognized this debt. O'Brien indicates, however, that the corporation went out of business in September 2003. O'Brien refers MBNA to Cincinnati Capital Corporation, which controlled the liquidation of Trojan's assets and the distribution of funds to creditors.

{¶ 8} As discussed below, we agree with MBNA that the trial court erred in failing to confirm the arbitration award. Consequently, we need not address whether dismissal with prejudice was improper.

{¶ 9} Arbitration procedures are governed by R.C. Chapter 2711. R.C. 2711.09 provides for the confirmation of an arbitration award. It states:

{¶ 10} "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code."

{¶ 11} R.C. 2711.14 specifies that certain papers must be filed with the application to confirm an arbitration award: (1) "[t]he agreement, the selection or appointment, if any, of an additional arbitrator or umpire, and each written extension of the time within which to make the award"; (2) the award; and (3) "[e]ach notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such application." It is undisputed that the only applicable documents in this case were the arbitration agreement and the award.

{¶ 12} "In order to facilitate and encourage the private settlement of grievance disputes, the scope of judicial review of arbitration proceedings is limited. Traditionally, in order to advance the policy concerns which underlie the arbitration system, courts have refused to review the merits of an arbitration award arising from [arbitration] agreements." (Citations omitted.) *Huber Hts. v. Fraternal Order of Police* (1991), 73 Ohio App.3d 68, 73, 596 N.E.2d 571. "[W]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion * * * unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." *Warren Edn. Assn. v. Warren City Bd. of Edn.* (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456; *Walker v. Sambol* (Mar. 30, 2001), Montgomery App. No. 18478, 2001 WL 303309. Absent such a challenge to the arbitration award, the court does not have discretion under R.C. 2711.09 to deny the application to confirm the award. See *Garcia v. Wayne Homes, L.L.C.*, Clark App. No. 2002–CA–35, 2002-Ohio-7286, 2002 WL 31888150.

{¶ 13} In the present case, MBNA made a timely motion and application to confirm and enforce the arbitration award. MBNA supported its application with the arbitration agreement and the award, as required by R.C. 2711.14. MBNA did not have to submit additional evidence to support the award. Although O'Brien appeared pro se for the July 20 hearing, he did not file a proper motion to vacate, modify, or correct the arbitration award, nor did he present any evidence to support such a motion. Accordingly, the trial court did not have the discretion to deny MBNA's application for an order confirming the arbitration award.

{¶ 14} The assignment of error is sustained.

{¶ 15} The judgment of the trial court will be reversed and the cause remanded for the entry of judgment consistent with this opinion.

Judgment reversed
and cause remanded.

GRADY, P.J., and BROGAN, J., concur.