OPINION
{¶ 1} Plaintiff-appellant, American Church Builders ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court entered "summary judgment" against appellant and in favor of defendant-appellee, Christian Fellowship Center ("appellee"), and denied appellant's application for an order confirming an arbitration award. Because the trial court lacked jurisdiction to enter such a judgment, we reverse.
 {¶ 2} We begin by setting forth the undisputed facts and the lengthy procedural history of this case. Appellant is a construction contractor whose principal place of business is located on East Broad Street in Columbus, Ohio. Christian Fellowship Center is a religious organization located on Lakeshore Boulevard in Cleveland, Ohio. On October 15, 1999, the parties entered into a lump-sum contract, the object of which was the construction of a church facility, including a sanctuary and gymnasium for the stated contract price of $1,756,000.
 {¶ 3} The contract included an agreement that, "[a]ll claims, disputes, and matters in question arising out of, or relating to this Agreement or the breach thereof, except for claims which have been waived by the making or acceptance of final payment, and the claims described in Article 13.7, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise." (Oct. 15, 1999 Contract, Section 13.1.) The contract additionally provided, in pertinent part:
13.2 NOTICE OF DEMAND: Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The demand for arbitration shall be made within a reasonable time after written notice of the claim, dispute or other matter in question has been given, and in no event shall it be made after the date of final acceptance of the Work by the Owner or when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations, whichever shall first occur. The location of the arbitration proceedings shall be in the city of the Contractor's headquarters.
13.3 AWARD: The award rendered by the arbitrator(s) shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction.
* * *
13.5 NO LIMITATION OF RIGHTS OR REMEDIES: Nothing in this Article shall limit any rights or remedies not expressly waived by the Contractor which the Contractor may have under lien laws or payment bonds.
 {¶ 4} At some point, a dispute arose between the parties. Thereafter, appellant recorded an affidavit for mechanic's lien on appellee's property in the office of the Cuyahoga County Recorder. On May 29, 2002, appellant filed a complaint in the Cuyahoga County Court of Common Pleas, seeking foreclosure of its mechanic's lien. Appellee filed an answer and counterclaim, and later filed a third-party complaint against another person. On December 10, 2002, with its foreclosure action still pending, appellant commenced arbitration proceedings by sending an original Demand For Arbitration to appellee, and by mailing a copy of same to the American Arbitration Association ("AAA"), pursuant to the rules of that organization. Appellant voluntarily dismissed its complaint in foreclosure approximately one month prior to the arbitration hearing.
 {¶ 5} On January 2, 2003, upon his receipt of a letter to counsel for both parties from the AAA case manager assigned to the matter, Attorney Richard Eisenberg, who represented appellee, wrote a letter to the case manager in which he "rejected" the proceeding and stated that appellant had waived its right to arbitration by filing its lien foreclosure action. The AAA ultimately rejected this position, and informed the parties that it intended to proceed with the arbitration absent a court order halting the proceedings. On May 29, 2003, the case manager wrote to counsel in order to confirm that, at a preliminary hearing in which appellee apparently did not participate, the arbitration hearing had been scheduled for July 15, 2003. In response, on June 4, 2003, Attorney Eisenberg wrote a letter to Attorney Michael Currie, the assigned arbitrator, reiterating that appellee had no intention of participating in the arbitration proceeding.
 {¶ 6} Attorney Currie presided over that proceeding on July 15, 2003, as scheduled. On July 30, 2003, he made an award in favor of appellant that totaled $320,626.75, plus interest. The arbitrator also determined that appellee would bear the expenses for the arbitration, including the arbitrator's compensation and the administrative fees charged by the AAA, which totaled $8,000.
 {¶ 7} Attorney Currie captioned the award, "Ex-Parte Award of Arbitrator." At the outset of his four-page award, he noted that appellee had failed to appear "after due notice in accordance with the Construction Arbitration Rules of the American Arbitration Association * * * [.]" He further explained as follows:
On May 29, 2003, the American Arbitration Association provided a Notice of Hearing to both American Church Builders and Christian Fellowship Center which established the hearing date as July 15, 2003, and which identified the locale for the arbitration hearing.
On July 15, 2003, the hearing was commenced pursuant to the Notice that had been issued by the American Arbitration Association. Neither Christian Fellowship Center nor it's [sic] counsel appeared for the beginning of the hearings on July 15, 2003. At approximately 9:00 a.m. on July 15, 2003, the Arbitrator placed a call to the offices of counsel for Christian Fellowship Center, Mr. Richard Eisenberg, to determine whether Christian Fellowship Center intended to appear for the hearings. This telephone call was answered by an automated voice mail system. The arbitrator left a message for Mr. Eisenberg to call as soon as possible as the hearings were about to commence.
At approximately 9:15 a.m. on July 15, 2003, the hearings were commenced with no contact from either the offices of Richard Eisenberg or Christian Fellowship Center. American Church Builders thereupon proceeded to present testimony and exhibits in support of its claims.
At the conclusion of American Church Builders' case, the arbitrator again called the offices of Richard Eisenberg. Richard Eisenberg answered the call and indicated that neither he, nor his client, intended to appear to present any defense to the claims of American Church Builders based upon an assertion that the claims were not subject to the jurisdiction of the American Arbitration Association. Mr. Eisenberg was given the opportunity to present argument in support of this position.
Based upon the testimony, exhibits and argument presented, the Arbitrator finds as follows:
* * *
Richard Eisenberg's position that American Church Builders' claims are not subject to the jurisdiction of the American Arbitration Association is based upon the argument that American Church Builders waived its right to arbitration by filing a mechanic's lien foreclosure action against Christian Fellowship Center and because there was a change in the ownership of American Church Builders which Respondent argues resulted in the termination of the contract between the parties which included the arbitration agreement.
The arbitrator does not find the argument that American Church Builders waived its right to arbitration by filing a mechanic's lien foreclosure action to be persuasive for two reasons. It is commonly recognized that parties may preserve their mechanic's lien rights, including the obligation to file suit thereon within the time prescribed by the Ohio Revised Code, without waiving the right to have the merit of the underlying claim decided by arbitration in accordance with the terms of the contract.
Further, the lien foreclosure action that was commenced was for some reason dismissed before any discovery or other significant activity took place in the case. Christian Fellowship Center could present no facts to support the argument that it was somehow prejudiced by the filing and dismissal of the lien foreclosure action and it is clear that American Church Builders gained no undue advantage by having initiated that action.
For these reasons, the Arbitrator finds that there has been no waiver of the contractual right to arbitration by the initiation of the lien foreclosure action by American Church Builders.
(Award of Arbitrator, 1-2.)
 {¶ 8} The arbitrator also rejected appellee's argument that the contract was terminated by the fact that 80 percent of the stock of appellant was sold to another entity. The arbitrator found that this stock sale "did not change the entity with which Christian Fellowship Center had its contract and there was no provision of the contract that provided any right of Christian Fellowship Center to terminate the contract in the event of such a change in ownership." (Award of Arbitrator, 2.)
 {¶ 9} On September 4, 2003, appellant filed an "Application for Order Confirming Award" (the "application"), in the Franklin County Court of Common Pleas, pursuant to R.C. 2711.09, and attached a copy of the award to the application. The record reveals that on October 3, 2003, a copy of the application was served upon appellee via certified mail, in the manner provided for service of summons. Appellee never filed an application for an order to vacate, or modify, the award pursuant to R.C.2711.10 or 2711.11, respectively.
 {¶ 10} Instead, on November 14, 2003, appellee filed a motion entitled, "Motion to Dismiss," under the case number assigned to the application. Therein, appellee argued that the application should be "dismissed" for two reasons: first, because an "ex parte" award is a nullity, and only a court can compel a party to participate in arbitration, even when there is a contractual agreement for arbitration; and second, because Franklin County was an improper venue for enforcement of the award because appellee has no place of business or office in Franklin County.
 {¶ 11} On November 17, 2003, appellant filed a memorandum in opposition to appellee's "motion to dismiss." Appellant argued the court lacked jurisdiction to do anything other than confirm the arbitration award, pursuant to R.C. 2711.09 and enter judgment thereon, pursuant to R.C. 2711.12, because appellee had never challenged the award in the manner provided for in R.C. Chapter 2711. Appellant argued that appellee cannot simply ignore the arbitration and then later seek to "back door" the issue of arbitrability. Appellant pointed out that, rather than ignore the arbitration, appellee could have challenged the award in the manner provided for in R.C. Chapter 2711. Because it failed to do so, appellant argued, the court had no choice but to confirm the award.
 {¶ 12} In the alternative, appellant argued that the arbitration award is not a nullity simply because it was made without appellee's participation. Appellant detailed for the court the history of contacts between the arbitrator and Attorney Eisenberg, and the latter's repeated refusal to participate in the arbitration despite having been notified of the date and time of same. Finally, appellant argued that Franklin County was an appropriate venue for the application for an order confirming the arbitration award because R.C. 2711.09 and related statutes were silent as to which court of common pleas may confirm an award.
 {¶ 13} On January 21, 2004, appellee filed a memorandum in reply. On July 9, 2004, new counsel for appellee filed a motion for leave to file a supplemental brief in support of its motion to dismiss instanter. On July 16, 2004, the trial court journalized an order of reference in which it referred the matter to a court magistrate for the purpose of holding a hearing on the application for confirmation and also on the motion to dismiss. On July 19, 2004, appellant filed a memorandum in opposition to appellee's motion for leave to file its supplemental brief.
 {¶ 14} On August 20, 2004, the magistrate, citing a scheduling conflict, rescheduled the hearing from September 16, 2004 to October 13, 2004. For reasons that are unclear, the hearing was apparently not held on October 13, 2004. On November 11, 2004, appellee's new attorneys moved the court for leave to withdraw as counsel, which motion was granted on November 8, 2004. On November 9, 2004, the trial court journalized an order rescheduling the hearing before the magistrate for December 1, 2004.
 {¶ 15} On November 18, 2004, appellant filed a second motion for an order confirming the arbitration award. Therein, appellant recapitulated the procedural history of the case and argued once again that, because appellee had never filed a motion for an order vacating the arbitration award, the court lacked jurisdiction to do anything other than grant appellant's application for confirmation of same.
 {¶ 16} On November 22, 2004, appellee filed a motion for continuance of the December 1, 2004 hearing, and for leave to file a supplemental brief beyond November 12, 2004, which was the date by which the trial court had apparently previously indicated it would accept additional briefing from appellee. Also, on November 22, 2004, appellant filed a memorandum in opposition to appellee's motion for continuance and leave to file its supplemental brief. The court never expressly ruled upon appellee's motion for continuance and for leave to file a supplemental brief.
 {¶ 17} On December 1, 2004, the parties convened before the magistrate, who concluded, "* * * after reviewing the file, [the referred matters] can be ruled upon as [they] stand because there is no evidentiary presentation which is going to affect the merits of the decision in this matter." (Dec. 1, 2004 Tr., appended to Brief of Appellant, as Ex. "B" at 8.)
 {¶ 18} On December 6, 2004, a new attorney entered an appearance on behalf of appellee. On December 29, 2004, the trial court sua sponte converted appellee's motion to dismiss to a motion for summary judgment, and notified the parties that appellee would have 14 days within which to supplement the record, and that appellant would have 21 days to do the same. On January 12, 2005, appellee moved for an enlargement of time within which to supplement the record, and requested a new deadline of January 19, 2005. The court never expressly ruled upon this motion, but the court did indicate, in its decision granting summary judgment to appellee, that it had considered appellee's supplemental memorandum, which was filed on January 18, 2005. On February 1, 2005, appellant filed a memorandum in opposition to appellee's supplemental memorandum.
 {¶ 19} A few days earlier, however, on January 26, 2005, the trial court journalized a decision denying appellant's motion for an order confirming the arbitration award and granting summary judgment in favor of appellee.
 {¶ 20} First, the court rejected appellant's argument that the court lacked jurisdiction to do anything but confirm the arbitration award due to the fact that appellee had failed to file a motion to vacate or modify the award. The court found that, by filing its complaint for foreclosure of its mechanic's lien, and by failing to institute arbitration proceedings until five months after it filed its lien foreclosure action, appellant had waived its right to arbitrate its breach of contract dispute.
 {¶ 21} The court also found that appellant was equitably estopped from pursuing arbitration because, rather than go forward with an "ex parte" arbitration, "* * * it would also have been simple for the Plaintiff to request a stay and to seek enforcement of the arbitration agreement. R.C. 2711.02 and .03 provide precisely those avenues." (Jan. 26, 2005 Decision Granting Summary Judgment, at 11.) The court concluded by stating, "[w]hether the Court premises the decision upon one of waiver or estoppel, the ultimate decision is that Plaintiff wrongfully proceeded to an ex-parte arbitration and the award should not be enforced." (Id. at 11-12.)
 {¶ 22} On February 7, 2005, appellant moved the court for reconsideration, which motion the court denied on March 1, 2005. Also, on March 1, 2005, the court journalized an entry granting summary judgment in favor of appellee, and denying appellant's motion to confirm the arbitration award. Appellant timely appealed and asserts two assignments of error for our review, as follows:
First Assignment of Error:
The Trial Court erred by not following the special statutory proceeding provided for confirmation to judgment of an arbitration award.
Second Assignment of Error:
The Trial Court cannot enter summary judgment without a factual record.
 {¶ 23} In support of its first assignment of error, appellant argues that, once it had timely filed its motion for confirmation of the arbitration award, pursuant to R.C. 2711.09, and once the time had passed during which appellee could have filed a motion to vacate the award, the trial court lacked jurisdiction to do anything other than confirm the award and enter judgment thereon. Appellant argues that the statutory scheme for judicial confirmation, vacation and modification of arbitration awards, contained in R.C. Chapter 2711, is the exclusive means by which parties may seek judicial relief, and the court lacks jurisdiction to do any act not specifically provided by that statutory scheme.
 {¶ 24} The relevant statutes, appellant points out, do not allow a party to challenge an arbitration award within the confirmation proceeding, through a denial or a motion to dismiss; rather, the only method by which appellee was permitted to challenge the validity of the award was through a motion to vacate the award, which must be served upon the adverse party within three months after the award is delivered to the parties. R.C. 2711.13. Because appellee did not file a motion to vacate the award, the trial court was not permitted to deny the motion to confirm the award, even for the reasons the trial court cited.
 {¶ 25} In response, appellee argues that it could not have filed a motion to vacate the arbitration award. According to appellee, because it did not participate in the arbitration, it was not a "party" thereto, and thus lacked standing to move the court to vacate the award. Appellee also argues that a trial court may vacate an "ex parte" arbitration award that "was obtained through irregular process and in contravention of R.C. 2711.03(C)." (Brief of appellee, 9.) Appellee cites no authority for this proposition. However, it appears to be echoing the trial court's determination that, because appellant failed to petition the court for an order that the arbitration proceed, pursuant to R.C. 2711.03, appellant waived its right to arbitrate, and this waiver is a proper basis upon which the court could deny appellant's motion for confirmation of the award. We disagree.
 {¶ 26} "R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas." City of Galion v. American Fedn. of State, Cty. and Mun.Employees, Local No. 2243 (1995), 71 Ohio St.3d 620, 646 N.E.2d 813, paragraph two of the syllabus. The jurisdiction of the courts to review arbitration awards is narrow and limited by legislative decree. Kelm v.Kelm, 10th Dist. No. 03AP-472, 2004-Ohio-1004, ¶ 22. Indeed, "once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and2711.13), or enforce the judgment (R.C. 2711.14)." State ex rel. R.W.Sidley, Inc. v. Crawford, 100 Ohio St.3d 113, 2003-Ohio-5101,796 N.E.2d 929, ¶ 22.
 {¶ 27} R.C. 2711.09 provides, in relevant part, "At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.)
 {¶ 28} "When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." Warren Edn. Assn. v. Warren CityBd. of Ed. (1985), 18 Ohio St.3d 170, 18 OBR 225, 480 N.E.2d 456, at syllabus. (Emphasis added.)
 {¶ 29} R.C. 2711.13 provides:
After an award in an arbitration proceeding is made, any party to the arbitration may file a motion in the court of common pleas for an order vacating, modifying, or correcting the award as prescribed in sections2711.10 and 2711.11 of the Revised Code.
Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest, as prescribed by law for service of notice of a motion in an action. For the purposes of the motion, any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying the proceedings of the adverse party to enforce the award.
 {¶ 30} "* * * [T]he language of R.C. 2711.13 is clear, unmistakable, and above all mandatory." City of Galion v. American Fedn. of State,Cty. Mun. Employees, Local No. 243 (1995), 71 Ohio St.3d 620,646 N.E.2d 813, paragraph one of the syllabus. If an application to vacate, modify or correct an award is not filed within the time frame specified in the statute, the trial court lacks jurisdiction to vacate, modify or correct the award, and the court is obligated to confirm it.Kelm, supra, at ¶ 27. See, also, Crawford v. Ribbon Tech. Corp. (2000),138 Ohio App.3d 326, 741 N.E.2d 214; Thomas v. Franklin Cty. Sheriff'sOffice (1998), 130 Ohio App.3d 153, 719 N.E.2d 977; MBNA America Bank,N.A. v. Everett, 10th Dist. No. 04AP-819, 2005-Ohio-988.
 {¶ 31} The court in this case possessed only that jurisdiction conferred upon it by the General Assembly and by the procedural situation created by the actions or non-actions of the parties to the award. Appellant timely filed an application to confirm the arbitration award, and appellee never filed an application to vacate, modify or correct the award. Therefore, the court lacked jurisdiction to consider appellee's belated attempt, through its motion to dismiss, to challenge the award and to seek vacation of same. The court was without power to consider the arguments raised in the motion to dismiss, and had no choice but to confirm the award. Because the court failed to do so, and acted outside of its authority when it dismissed appellant's application, the judgment must be reversed.
 {¶ 32} Accordingly, appellant's first assignment of error is sustained. Our disposition of the first assignment of error renders appellant's second assignment of error moot, and it will not be addressed. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
TRAVIS and BOWMAN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.