OPINION
{¶ 1} Douglas A. Hess, pro se, is appealing from the decision of the trial court overruling his objections to an arbitrator's award.
 {¶ 2} The arbitration was over a dispute about fees between Hess, an attorney who formerly worked with the defendant firm, and the firm itself after Hess left it. The details of the dispute and the objections filed by Hess need not be discussed here, as this appeal will be resolved on the grounds stated by the trial court in overruling Hess' objections.
 {¶ 3} The relevant portion of the court's entry is as follows:
 {¶ 4} "`Plaintiff's Objection to Defendant's Motion to Clarify Order Confirming Arbitration and Judgment.' That pleading contained four specific objections to the figures submitted by the Defendant with its `Motion to Clarify.' However, those figures come directly from the arbitrator's award decision. Under R.C. 2711.13, notice of a motion to vacate, modify or correct an arbitration award must be served within three months after an award is delivered.
 {¶ 5} "Because Plaintiff's four objections were not made within three months after the arbitrator's decision, they are not timely, and the Court lacks jurisdiction to consider them, due to the limited grant jurisdiction in R.C. § 2711.11."
 {¶ 6} The trial court was absolutely correct in finding that it had no jurisdiction to consider Hess' objections. It is well established in Ohio that the three-month limit to file objections to an arbitrator's award is mandatory and jurisdictional in nature. The most recent court to discuss it is the Seventh District Court of Appeals in Fraternal Order of Police, OhioLabor Council, Inc. v. Halleck (2001), 143 Ohio App.3d 171, which stated:
 {¶ 7} "The Ohio Supreme Court stated in Galion v. Am. Fedn.Of State, Cty. Mun. Emp., Ohio Council 8, AFL-CIO, Local No. 2243 (1995), 71 Ohio St.3d 620, 622, 646 N.E.2d 813, 815, `In our view, the language of R.C. 2711.13 is clear, unmistakable, and above all mandatory.' The court went on to hold that R.C. 2711.13
provides a three-month period in which to file a motion to vacate, modify, or correct an arbitration award, and if an application is not filed within this time frame, the trial court lacks jurisdiction to vacate, modify, or correct the award."
 {¶ 8} Here, the arbitrator's award was issued on September 25, 2003, and no objections were filed to it until March 5, 2004, as stated above in the trial court's decision.
 {¶ 9} We note that even if this jurisdictional issue was not present in this case, we would still affirm the trial court's decision on other grounds which were argued by the parties in their briefs and at oral argument, including the lack of a record of the arbitrator's hearing, the fact that Mr. Hess did not question before the arbitrator the issue of whether the contract providing for the arbitration was valid or enforceable (which is the error he assigns on appeal), and the fact that Mr. Hess voluntarily agreed to the contract which provided for arbitration, he being a skilled and competent lawyer with a practice of already eleven years at the time he entered the contract.
 {¶ 10} We are not addressing Mr. Hess' assignment of error because the trial court's decision that it lacked jurisdiction to consider Mr. Hess' objections to the award was the only decision it could render under the settled law in Ohio. The assignment of error is overruled, and the judgment is affirmed.
Fain, P.J. and Grady, J., concur.