[Cite as *Ohio Farmers Ins. Co. v. Akron*, 2011-Ohio-3569.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

OHIO FARMERS INSURANCE
COMPANY

      Appellant

      v.

CITY OF AKRON

      Appellee

C.A. Nos.    25642
                25725

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.   CV 2010 01 0324
              CV 2006 08 5230

DECISION AND JOURNAL ENTRY

Dated: July 20, 2011

WHITMORE, Judge.

{¶1} In these consolidated appeals, the City of Akron appeals the order of the Summit County Court of Common Pleas that confirmed an arbitration award in favor of Ohio Farmers Insurance. Ohio Farmers appeals an order that dismissed another application to confirm the same arbitration award for lack of jurisdiction. With respect to Akron's appeal, this Court affirms. Because we affirm the trial court's judgment with respect to Akron's appeal, Ohio Farmers' appeal is moot.

{¶2} Akron and Ohio Farmers were two of the parties to a lawsuit filed in 2006. In 2008, before the matter could be tried, they agreed to submit the dispute to binding arbitration. They asked the trial court to "preserve the case upon the active docket to ensure that the matter [was] concluded consistent with" four conditions. The first condition addressed the scope of testimony, and the second, third, and fourth related to the timing of the arbitration hearing and award. On January 20, 2009, the arbitration panel rendered an award of $1,045,699.00 to Ohio

Farmers.  Three days later, Ohio Farmers filed a notice in the underlying trial court case that the award had been rendered and that it had filed an application to confirm the award in the Medina County Court of Common Pleas.  Akron did not file anything in the underlying case in response until more than one year had passed.

{¶3}    In the meantime, Akron opposed Ohio Farmers' application to confirm the award in Medina County, arguing that the Summit County Court of Common Pleas had jurisdictional priority over the application by virtue of the fact that the underlying case remained open.  Akron did not file an application to modify or vacate the award in either Summit or Medina County. The Medina County Court of Common Pleas dismissed the application on a different basis, concluding that "the parties clearly agreed to have the Summit County Court of Common Pleas maintain continuing jurisdiction over this case" and "the parties [*sic*] own agreement contemplates the[] Summit County Court of Common Pleas will maintain this matter as an active case."  This Court ultimately affirmed.

{¶4}    While the Medina County appeal was pending in this Court, Ohio Farmers filed an application to confirm the award in Summit County.  That application, which was filed on January 19, 2010 – just under one year after the award was rendered – was accompanied by a "New Case Designation Form" that listed the underlying trial court matter as a "Related Case." The application was assigned to the docket of a different trial court judge under a new case number.  Again, Akron moved to dismiss the application.  The basis for Akron's motion to dismiss was that the arbitration agreement required not only that the application be filed in Summit County, but on the docket of the original judge under the same case number.  Akron acknowledged that, if successful, its motion would mean that Ohio Farmers could not file a timely application at all, but maintained that res judicata required that result.  Again, Akron did

not file an application to modify or vacate the arbitration award, nor did it argue that there was substantive error in the award. The trial court agreed with Akron's arguments, and dismissed the Summit County application.

{¶5} On September 27, 2010, Ohio Farmers filed a motion to confirm the award under the original case number on the docket of the original trial court judge. Akron opposed the motion as untimely, but did not oppose the substance of the motion. The trial court considered the motion as timely filed based on the date Ohio Farmers first filed an application in Summit County. The trial court, therefore, confirmed the award and entered judgment in favor of Ohio Farmers.

{¶6} Two appeals are before this Court. In C.A. No. 25642, Ohio Farmers has appealed from the order dismissing its application to confirm filed under a new case number in Summit County. In C.A. No. 25725, Akron has appealed from the order in the underlying case that confirmed the arbitration award. Because our resolution of Akron's appeal in C.A. No. 25725 is dispositive, we address it first.

**Akron's Assignment of Error Number One**

"ASSUMING THE TIME PERIOD PRESCRIBED BY R.C. 2711.09 IS PERMISSIVE (AS OPPOSED TO MANDATORY), THE TRIAL COURT NEVERTHELESS ERRED BY CONFIRMING THE ARBITRATION AWARD."

**Akron's Assignment of Error Number Two**

"THE TRIAL COURT ERRED BY DETERMINING THAT THE ONE-YEAR PERIOD IN R.C. 2711.09 IS PERMISSIVE, RATHER THAN MANDATORY."

{¶7} In its assignments of error, Akron argues that the trial court erred by considering Ohio Farmers' untimely application. Notably, Akron does not assign substantive error in the confirmation of the award itself. Instead, Akron argues that Ohio Farmers did not file its

application within a reasonable time and did not show good cause for the untimely filing. Akron also argues that it was prejudiced by virtue of its "unnecessary legal fees" incurred in the process of opposing Ohio Farmers' application in Medina County and the first application in Summit County.

{¶8} As an initial matter, we must clarify what the trial court did in this case. Although it appears to have considered the parties' arguments regarding whether the application should be allowed as untimely, the trial court did not ultimately confirm the award on that basis. Instead, the trial court actually considered Ohio Farmers' application timely filed from the date that it filed the first application in Summit County:

> "In the most liberal sense, [Ohio Farmers'] January 19, 2010 Application was filed within the one-year time frame in the appropriate jurisdiction (Summit County Court of Common Pleas). The Application was improperly captioned and thus was assigned to a different judge and given a new case number. *** Viewing [Ohio Farmers'] January 19, 2010 Application as timely in this jurisdiction, this Court is inclined to enter judgment on the award."

{¶9} Having reached the conclusion that it would consider the application timely filed, and in the absence of a motion to vacate or modify the award, the trial court had no choice but to confirm the award. See R.C. 2711.09 ("Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code.").

{¶10} We agree with the trial court's conclusion that Ohio Farmers' application was timely filed in Summit County. R.C. Chapter 2711 does not clearly state how an application to confirm an arbitration award must be filed, but it does contemplate that such applications may generally proceed as new civil cases. R.C 2711.14, for example, refers to the confirmation process as a "proceeding" and requires that a judgment rendered on an application to confirm is docketed as if rendered "in an action" and given the same effect. R.C. 2711.16 defines where

"actions and proceedings" under R.C. Chapter 2711 may be filed. This Court has also recognized that applications filed under R.C. Chapter 2711 are special proceedings for purposes of considering our jurisdiction under R.C. 2505.02. See *Binns v. Sterling Jewelers, Inc.*, 9th Dist. No. 24522, 2009-Ohio-3359, at ¶9.

{¶11} R.C. Chapter 2711 is unique. "A motion filed under R.C. 2711.11 occupies a hybrid procedural position, only vaguely defined by the statutes that provide for it. In practice, it is not a full complaint initiating a civil matter, even though it may result in an appealable final order and judgment." *Geiger v. Morgan Stanley DW, Inc.*, 10th Dist. No. 09AP-608, 2010-Ohio-2850, at ¶19. See, also, *Greenwald v. Shayne*, 152 Ohio Misc.2d 12, 2009-Ohio-3384, at ¶20-24. In this context, we cannot say that Ohio Farmers failed to timely file its application when it filed an application with the Summit County Clerk of Courts within one year of the arbitration award. We reach no conclusion about the further delay that resulted while the case was pending on the docket of a different trial court judge except to note that either party could have moved to consolidate the application proceedings with the underlying civil case, but neither did so. The trial court did not err by concluding that Ohio Farmers' application to confirm the arbitration award was timely filed and confirming the award accordingly.

{¶12} Even if we were to analyze this matter as an appeal from confirmation of an application filed more than one year after the award, we would reach the same result. Under R.C. 2711.09, "[a]t any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award." In *NCO Portfolio Management Inc. v. Lewis*, 9th Dist. No. 06CA009001, 2007-Ohio-3965, we considered whether the reference to a one-year time period in the statute constitutes a mandatory period of time within which an application must be filed. Instead, recognizing that

the one-year period mentioned in 2711.09 is not a statute of limitations, we concluded that a court of common pleas has the discretion to allow an application to confirm after one year has passed provided it is filed within a reasonable time, for good cause, and without incurring prejudice to the opposing party by filing more than one year after the award. Id. at ¶6, citing *Russo v. Chittick* (1988), 48 Ohio App.3d 101, 103. See, also, *Temple v. Dawn Const. Co., Inc.*, 8th Dist. No. 82830, 2003-Ohio-5251, at ¶9.

{¶13} Because we recognized in *NCO Portfolio Management* that a trial court has discretion to consider an application to confirm filed more than one year after the arbitration award, we review a challenge to the trial court's decision in this regard for an abuse of that discretion. In other words, the issue raised by Akron's assignment of error is whether the trial court abused its discretion in determining that Ohio Farmers filed its application to confirm within a reasonable time after one year, for good cause, and without prejudice to Akron. See id. at ¶6.

{¶14} Ohio Farmers filed its application to confirm the award in Medina County three days after the arbitration panel rendered its award. When it opposed the application, Akron did not argue that the parties' agreement required filing in the underlying Summit County case: it argued that because a Summit County case existed, the Summit County Court of Common Pleas had jurisdictional priority over the matter. It is understandable that Akron did not raise the argument because the plain language of the agreed judgment entry does not spell out the extent of the continuing jurisdiction that was retained by the trial court in the original case. Notably, this Court's opinion in the Medina County case concluded that the parties' *intent* with respect to the agreed judgment entry was that "the Summit County Court of Common Pleas would retain continuing jurisdiction over the matter, including confirmation and appeal of the matter." *Ohio*

*Farmers Ins. Co. v. Akron*, 9th Dist. No. 09CA0013-M, 2010-Ohio-1348, at ¶19. This result was based on our analysis of the agreed judgment entry in light of the surrounding circumstances. Our opinion did not conclude that the plain language of the agreed judgment entry required that an application to confirm be filed in Summit County, let alone in the context of the original civil case.

{¶15} Consequently, the trial court did not abuse its discretion to the extent that it considered Ohio Farmers' application to have been filed outside of the time mentioned by the statute, but within a reasonable time. Considering that the plain language of the agreed judgment entry did not specify the forum in which confirmation proceedings would occur, there was good cause for the delay occasioned by the proceedings in Medina County and the appeal to this Court. Akron points to the attorney's fees that it has incurred in opposing Ohio Farmers' first two applications to confirm as evidence of prejudice. Akron represented to the trial court that it "do[es] not dispute the award," yet has taken the position that judgment on the entire award should be forfeited because of the parties' legal disagreement about where the award should be confirmed. We do not find this argument persuasive. Although it is apparent that the parties chose to wrangle about jurisdiction in the Medina County case, it is nonetheless true that a timely application to confirm the award was filed in Summit County. Akron, as well as Ohio Farmers, could have moved to transfer the arbitration matter to the docket of the original trial court judge or to consolidate the two cases. It did not do so. Under these circumstances, to conclude that prejudice to Akron leads to forfeiture of Ohio Farmers' judgment on the award would be drastic and unwarranted.

{¶16} Whether Ohio Farmers' application is viewed as timely or untimely, the trial court did not err in confirming the award and entering judgment. Akron's assignments of error are overruled.

### Ohio Farmers' Assignment of Error Number One

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE CITY OF AKRON'S MOTION TO DISMISS OHIO FARMERS' APPLICATION TO CONFIRM ARBITRATION AWARD FOR LACK OF SUBJECT MATTER JURISDICTION WHERE R.C. § 2711.16 GRANTS JURISDICTION TO THE SUMMIT COUNTY COURT OF COMMON PLEAS AND WHERE THIS HAD ALREADY BEEN DECLARED BY THE NINTH DISTRICT COURT OF APPEALS IN OHIO FARMERS INS. CO. V. AKRON, 2010-OHIO-1348 (MARCH 31, 2010)."

### Ohio Farmers' Assignment of Error Number Two

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE CITY OF AKRON'S MOTION TO DISMISS OHIO FARMERS' APPLICATION TO CONFIRM ARBITRATION AWARD FOR LACK OF SUBJECT MATTER JURISDICTION WHERE TO DO SO CONSTITUTES A VIOLATION OF THE ACCESS TO COURTS PROVISION OF THE OHIO CONSTITUTION CONTAINED AT OHIO CONSTITUTION, ARTICLE I, § 16."

{¶17} Ohio Farmers' assignments of error argue that the trial court in the Summit County confirmation case erred by dismissing its application for lack of subject matter jurisdiction. Because that case sought confirmation of the same award that was ultimately confirmed in the underlying civil case, and because we have overruled Akron's assignments of error challenging the confirmation, Ohio Farmers' assignments of error are moot, and its appeal in C.A. No. 25642 is dismissed. See, generally, App.R. 12(A)(1)(c).

{¶18} Akron's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas in C.A. No. 25725 is affirmed. In light of our disposition of C.A. No. 25725, Ohio Farmers' appeal in C.A. No. 25642 is moot, and the appeal is dismissed.

9

Judgment affirmed in part
and appeal dismissed in part.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
CONCURS

MOORE, J.
CONCURS IN JUDGMENT ONLY, SAYING:

{¶19} I concur in the majority opinion as much as it affirms the trial court because Ohio Farmers' application was timely filed in the Summit County Common Pleas Court within one

year of the award.  (Paragraphs 1 through 13).  I do not join the majority in its further analysis of

cases filed more than year after the award, as I regard this discussion as unnecessary dicta.


APPEARANCES:

JEROME W. COOK, KENNETH J. WALSH, and RICHARD W. CLINE, Attorneys at Law, for
Appellant.

JEFFREY T. HEINTZ, CHRISTOPHER F. SWING, MARK F. CRAIG, and CAROLINE L.
MARKS, Attorneys at Law, for Appellee.

CHERI B. CUNNINGHAM, Director of Law, for Appellee.