[Cite as *United Union of Roofers, Waterproofers & Allied Trades, Local No. 44 v. Kalkreuth Roofing & Sheet Metal*, 2019-Ohio-2797.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS & ALLIED TRADES, LOCAL NO. 44, | : | **O P I N I O N** |
| | : | |
| Petitioner-Appellant, | : | **CASE NO. 2018-L-146** |
| | : | |
| - vs - | : | |
| | : | |
| KALKREUTH ROOFING & SHEET METAL, | : | |
| | : | |
| Respondent-Appellee. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2018 CV 000633.

Judgment: Reversed and remanded.

*Marilyn L. Widman* and *Diana Robinson,* Widman & Franklin, LLC, 405 Madison Avenue, Suite 1550, Toledo, OH 43604 (For Petitioner-Appellant).

*Andrew J. Natale, Ann E. Knuth* and *Steven E. Seasly,* Hahn, Loeser & Parks, LLP, 200 Public Square, Suite 2800, Cleveland, OH 44114 (For Respondent-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, United Union of Roofers, Waterproofers & Allied Trades, Local No. 44, appeals from the judgment of the Lake County Court of Common Pleas denying its motion to confirm arbitration award and dismissing the matter. For the reasons discussed in this opinion, we reverse and remand the case for further proceedings.

{¶2} Appellant and appellee, Kalkreuth Roofing & Sheet Metal, are parties to a collective bargaining agreement ("CBA"). The agreement includes a binding arbitration process for grievances filed by either appellant or appellee. The CBA provides for the creation of a Joint Conference Board ("JCB"), which is authorized to resolve disputes arising out of the terms of the CBA. The JCB consists of not more than six members of the employer, appellee, and not more than six members of the union, appellant. Pursuant to the CBA, when a dispute arises that is unsettled after 24 hours, it shall be submitted to the JCB, after which the matter shall be resolved promptly, and the JCB "shall have the authority to fashion an award deemed appropriate to remedy the dispute or disagreement before it." All decisions of the JCB require the concurrence of a majority of the representatives of each of the parties.

{¶3} After a dispute arose relating to appellee's use of a non-signatory subcontractor to perform work, in alleged violation of the agreement, appellant filed a grievance that was submitted to the JCB. On November 7, 2017, the JCB convened and held a hearing with representatives from both parties. The JCB subsequently determined, by unanimous vote, that appellee violated the CBA. The JCB ordered appellee to cease and desist from continuing the subcontracted work and pay appellant restitution for work completed. On December 8, 2017, the JCB ultimately ordered appellee to pay appellant $87,000 in restitution within seven calendar days of the decision. The order was signed by the Chairman and Secretary for the JCB.

{¶4} Appellee did not remit payment of the restitution order to appellant; it also, however, did not file a motion to vacate or modify the award. Accordingly, on April 19, 2018, appellant filed an "Application to Confirm Arbitration Award Pursuant to R.C.

2

2711.09 and to Enter Judgment in Conformity therewith Pursuant to O.R.C 2711.12." In support of its application, appellant directed the trial court to R.C. 2711.09, which provides:

{¶5} At any time within one year after an award in an arbitration proceeding is made, any party to the arbitration may apply to the court of common pleas for an order confirming the award. Thereupon the court shall grant such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof.

{¶6} Appellant pointed out appellee did not move to vacate, modify, or correct the award; as such, appellant argued the trial court was required to confirm the award.

{¶7} In June 2018, appellee opposed the application. In its supporting memorandum, appellee argued the award was not enforceable because it failed to comply with R.C. 2711.08, which states an arbitration award "*must* be signed by a majority of the arbitrators." *Id.* Because only two members of the JCB signed the award, appellee asserted, the arbitration order failed to comply with the mandates of the statute and could not be confirmed. Moreover, appellee argued, that the trial court lacked jurisdiction to consider the matter, pursuant to R.C. 2711.16, which governs the "jurisdiction" of the court of common pleas to confirm an award. It provides:

{¶8} Jurisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas, and actions and proceedings brought under such sections shall be brought either in the court of common pleas of the county designated by the parties to the arbitration agreement as provided in section 2711.08 of the Revised Code, which designation is an irrevocable consent of the parties thereto to such jurisdiction, or, whether or not such designation has been made, in the court of common pleas of any county in which a party in interest resides or may be summoned, or if any party in interest is a corporation, in any county in which such corporation is situated,

3

or has or had its principal office or place of business, or in which such corporation has an office or agent, or in any county in which a summons may be served upon the president chairman or president of the board of directors or trustees or other chief officer.

{¶9} Appellee emphasized it is a West Virginia corporation, whose principal office is located in West Virginia. And, while it maintains an office in Delaware County, Ohio, it does not maintain an office in Lake County. As a result, appellee noted, its president, chairman or president of the board, and other officers are not located in Lake County for service of a summons. Accordingly, appellee argued, the application to confirm was improperly filed in the Lake County Court of Common Pleas.

{¶10} Appellant filed a reply brief to appellee's memorandum in which it argued the trial court need not consider appellee's arguments because it failed to file a timely motion to vacate or modify the award. Appellant argued appellee was required, pursuant to R.C. 2711.13, to file such a pleading within three months of the issuance of the award. As such, appellee's objections were improper. Further, appellant maintained that the JCB's order was compliant with the CBA and appellee acknowledged the order's unanimity; hence, appellant concluded, the court was required to enforce and confirm the order. Appellant also argued the application was properly filed in the Lake County Court of Common Pleas. Appellant asserted the subject of the grievance originated in Lake County and, as a result, appellee had sufficient contacts with the county to render the action foreseeable.

{¶11} After considering the parties' arguments, the trial court denied appellant's application and dismissed the matter. The court agreed that the JCB's failure to have a majority of the arbitrator's sign the award order was contrary to the mandate in R.C. 2711.08. It therefore determined there was no valid order it could confirm. The court

4

was silent on the jurisdictional/venue argument advanced by appellee and opposed by appellant. Appellant subsequently appealed that final judgment assigning two errors. They respectively assert:

{¶12} "[1.] The trial court erred when it denied Local 44's application to enforce even though Kalkreuth had not filed a motion to vacate or modify the award.

{¶13} "[2.] The trial court erred in finding the JCB's arbitration award was not in compliance with R.C. 2711.08."

{¶14} Moreover, appellee assigns the following as a cross-assignment of error:

{¶15} "Local 44's application to enforce was properly denied because venue in Lake County was not proper."

{¶16} We shall begin by addressing appellant's first assignment of error, under which it argues the trial court erred in concluding the arbitration award was not valid. We agree.

{¶17} R.C. 2711.10 specifies the circumstances under which an arbitration award can be vacated and R.C. 2711.11 establishes the circumstances under which an award may be modified or corrected. With respect to the former, an award shall be vacated if:

{¶18} (A) The award was procured by corruption, fraud, or undue means.

{¶19} (B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

{¶20} (C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

5

**{¶21}** (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

**{¶22}** With respect to modification or correction, R.C. 2711.11 states that an award shall be modified or corrected if:

**{¶23}** (A) There was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;

**{¶24}** (B) The arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

**{¶25}** (C) The award is imperfect in matter of form not affecting the merits of the controversy.

**{¶26}** Appellee did not file a motion pursuant to either R.C. 2711.10 or R.C. 2711.11 within the three-month statutory limitation period. *See* R.C. 2711.13. Appellee's challenge to the lack of signatures, however, should have been filed pursuant to either R.C. 2711.10(D) or R.C. 2711.11(C). Under the former, appellee could have argued the award must be vacated because the arbitrators, by failing to meet the requirements of R.C. 2711.08, so imperfectly executed their powers that a final award was not made. By claiming the award failed to meet statutory requirements, appellee could have claimed the arbitrators' award was neither final nor legally valid such that the award must be vacated.

**{¶27}** Alternatively, under R.C. 2711.11(C), appellee could have asserted the award must be modified or corrected because "[t]he award is imperfect in matter of form not affecting the merits of the controversy." Appellee did not dispute the award was unanimous, nor did it allege the merits of the proceedings or the controversy were flawed; rather, it asserted the award was not statutorily proper "in form" because it failed

6

to include the signatures of each arbitrator. Because it failed to allege this claim within three months after the award was issued, the argument was waived pursuant to R.C. 2711.13. In this respect, appellant's first assignment of error has merit and, by implication, its second assignment of error is moot. Because, however, the trial court failed to address the venue issue, we cannot issue a judgment ordering the trial court to confirm the award.

{¶28} The venue issue touches upon, but is not dispositive of, appellee's cross-assignment of error. In its memorandum in opposition to appellant's application, appellee argued that appellant improperly filed the pleading in Lake County. This objection raised the issue of either the trial court's jurisdiction or the propriety of the venue, which the trial court did not address. This is problematic because the objection goes directly to the court's authority to consider whether to confirm or deny the application. In addressing the insufficiency of arbitrator signatures vis-à-vis R.C. 2711.08, the trial court assumed jurisdiction and venue; because the issue was raised, however, the court was not permitted to assume it possessed the authority to adjudicate the matter for an alleged violation of R.C. 2711.08.

{¶29} As indicated above, R.C. 2711.16 governs the "jurisdiction" of the court of common pleas for, inter alia, confirming arbitration awards. The statute set forth both jurisdictional and venue limitations. *See Divine Constr. Co. v. Ohio-American Water Co.*, 75 Ohio App.3d 311, 314 (10th Dist.1991) (although the statute is entitled "Jurisdiction of courts of common pleas," the wording of the statute, which indicates which *county* would be an appropriate forum, refers to issues of venue, and not merely jurisdiction.") R.C. 2711.16 states that the jurisdiction over judicial proceedings to

7

confirm arbitration awards, inter alia, is "generally" in the court of common pleas. We read this provision to vest general subject matter jurisdiction for confirmation proceedings in the courts of common pleas of the state. The statute then sets forth several provisions which define proper venue; to wit: (1) a county designated in the arbitration agreement; (2) any county in which a party in interest resides or may be summoned; (3) if any party is a corporation, in any county in which the corporation is situated or has its principal office or place of business; (4) any county in which such corporation has an office or agent; or (5) in any county in which a summons may be served on the president, chairman or president of the board of directors or trustees or other chief officer.

{¶30} In its memorandum in opposition, appellee pointed out its principal place of business is in West Virginia and it has an office in Delaware County; as such, appellee maintained Lake County was not the proper county to file the application. Appellant did not rebut these points, but instead, made a hybrid Civ.R. 3(C)(3)/R.C. 2711.16 venue argument, i.e., venue is proper because Lake County was the location in which appellee conducted the activity that gave rise to the claim for relief and thus represents a county where appellee could be summoned.

{¶31} With respect to appellant's argument, the provisions of R.C. 2711.16 prevail over the venue provisions set forth in Civ.R. 3. *See* Civ.R. 1; *Gerl Constr. v. Medina Cty. Bd. of Commrs.*, 24 Ohio App.3d 59 (8th Dist.1985); *see also Divine Constr., supra*, at 313. Because the county where the underlying activity occurred is *not* one of the venue provisions of R.C. 2711.16, it is not necessarily relevant to the instant venue inquiry. Nevertheless, the trial court did not consider the parties' respective

venue arguments and thus we cannot review the issue as it relates to whether any of the listed officers "may be served" in Lake County. Because the issue of venue was raised, the trial court was required to address the threshold point of whether it could proceed to consider the merit or enforceability of the application. This matter, consequently, must be reversed and remanded for the trial court to consider the issue of venue and, after doing so, either proceed to address the merits or transfer the matter.

{¶32} The concurring/dissenting opinion ("dissent") disagrees with the foregoing venue analysis and disposition based upon the language of R.C. 2711.09. That statute essentially states that when a party files a timely application to confirm, the trial court must grant the same unless a party files a timely motion to vacate, modify, or correct an award. Here, no timely motion was filed; ergo, the dissent concludes, the Lake County Court of Common Pleas was required to confirm. In additional support of this position, the dissent cites *American Church Builders v. Christian Fellowship Center*, 10th Dist. Franklin No. 05AP-219, 2005-Ohio-6056. We disagree with the dissent's position for the following reasons.

{¶33} Initially, *American Church Builders* is distinguishable from the instant matter. In that case, venue was not an actual issue. The party seeking confirmation in that matter had a principal place of business in Franklin County, which is where the application for confirmation was filed. Moreover, even though venue was challenged in a motion to dismiss (which was filed outside the three-month limitation period for filing a motion to vacate, modify, or correct), at no point does the opinion reference R.C. 2711.16, the jurisdiction/venue statute at issue in this matter. Furthermore, the objecting party in *American Church Builders* raised substantive issues relating to the

9

arbitrability of the matter, which the trial court found meritorious. At no point, however, does the Tenth District indicate the trial court actually reached, let alone considered, the objecting party's venue argument.

{¶34} In reversing the trial court's decision, the Tenth Appellate District noted "'R.C. Chapter 2711 provides the exclusive statutory remedy which parties must use in appealing arbitration awards to the courts of common pleas.'" *American Church Builders*, *supra*, at ¶26, quoting *Galion v. American Fedn. Of State, Cty. And Mun. Employees, Local No. 2243*, 71 Ohio St.3d 620, paragraph two of the syllabus. The Tenth District proceeded to underscore that because no motion to vacate, modify, or correct was filed, the trial court lacked jurisdiction to consider "the arguments raised in the motion to dismiss." *American Church Builders*, *supra*, at ¶31. We acknowledge the venue issue was raised in the motion, but there was no indication it was considered or in any way informed the decision of the Franklin County Court of Common Pleas. And, as previously pointed out, Franklin County was the proper venue. In these respects, we maintain *American Church Builders* is not relevant to the case before us.

{¶35} With this in mind, we agree with the Tenth District that the trial court had no jurisdiction to address the arbitrability issues or any substantive challenges to the arbitration award during confirmation proceedings. A challenge to venue, however, is not such a challenge and, as such, we maintain that issue, had it been an actual problem, would have been a point the trial court was required to address. Given the lack of attention to the venue issue in *American Church Builders*, we conclude it is either not on point or, at least, not inconsistent with our current analysis and conclusion.

10

{¶36} R.C. 2711.16 sets forth specific venue provisions. And, of course, a party can only challenge venue under R.C. 2711.16 upon the actual filing of an application to confirm which, in many cases, will be outside the three-month window prescribed by R.C. 2711.13. If we were to adopt the dissent's position, R.C. 2711.16 would be reduced to a nullity, unless a party seeking confirmation files an application to confirm in an improper court of common pleas within the three-month time for an objecting party to file a motion to vacate, modify, or correct.

{¶37} To be sure, each member of this panel maintains the award must be confirmed; this majority maintains, however, such a confirmation must take place in the appropriate venue as that objection was properly raised. We therefore emphasize that R.C. Chapter 2711.16 provides a limited list of proper venue locations, and, when properly challenged, even when the challenge is beyond the three-month statutory window for substantive challenges, the issue must be addressed and cannot be viewed as nugatory.

{¶38} A final point requires attention. A concern arose at oral argument relating to appellant's ability to confirm if the matter were transferred, or dismissed and re-filed because re-initiating the proceedings would occur outside the one-year window set forth in R.C. 2711.09. A party, however, does not forfeit his or her right to confirm arbitration if filed outside of one-year period. The one-year period mentioned in 2711.09 is not a statute of limitations; instead, "a court of common pleas has the discretion to allow an application to confirm after one year has passed provided it is filed within a reasonable time, for good cause, and without incurring prejudice to the opposing party by filing more than one year after the award." *Ohio Farmers Ins. Co. v. Akron*, 9th Dist. Summit

Nos. 25642 and 25725, 2011-Ohio-3569, ¶12 citing *NCO Portfolio Mgmt. Inc. v.* Lewis, 9th Dist. Lorain No. 06CA009001, 2007-Ohio-3965, ¶6; *see also Russo v. Chittick*, 48 Ohio App.3d 101 (8th Dist. 1988). Moreover, in *Russo*, the Eighth Appellate District also noted that the comment to R.C. 2711.09 affords a party the ability to obtain a judgment when confirmation is sought outside the one-year timeframe. To wit, the comment provides:

{¶39} This is the section of the statute which enables the parties to an arbitration to obtain satisfaction of the award. The party desiring legally to enforce an award makes a motion to confirm. This motion must be granted by the court, unless cause is shown for its modification or vacation; and the motion to confirm must be made within one year after the award is rendered. After that time the remedy would be by a suit on the award. *Russo*, *supra*, fn.1, quoting comment to R.C. 2711.09.

{¶40} Accordingly, appellant's right to confirm is protected regardless of whether its action is transferred or re-filed outside of the one-year window.

{¶41} Given the foregoing, appellant's first assignment of error has merit and its second assignment of error is moot; appellee's cross-assignment of error is unripe. The matter must be reversed and remanded for the trial court to address appellee's venue objection.

MATT LYNCH, J., concurs,

MARY JANE TRAPP, J., concurs in part and dissents in part with a Concurring/ Dissenting Opinion.

_____

MARY JANE TRAPP, J., concurs in part and dissents in part with a Concurring/ Dissenting Opinion.

12

**{¶42}** While I concur with the majority's opinion that the trial court erred in concluding the arbitration award was not valid and its disposition of appellant's first two assignments of error, I must respectfully dissent as to the majority's determination that we cannot issue a judgment ordering the trial court to confirm the award because of the unresolved "venue issue."

**{¶43}** The same reasoning underlying the majority's finding that Kalkreuth Roofing & Sheet Metal waived its claim that the award was statutorily defective "in form" by its failure to assert this claim by filing a motion to vacate or motion to modify or correct the award within the three-month statute of limitations applies equally to its venue argument.

**{¶44}** The trial court, as a court of common pleas, had jurisdiction to confirm the arbitration award pursuant to R.C. 2711.16, which provides in pertinent part: "[j]urisdiction of judicial proceedings provided for by sections 2711.01 to 2711.14, inclusive, of the Revised Code, is generally in the courts of common pleas * * *." It did not have jurisdiction to consider Kalkreuth's "objections" to the motion to confirm because those "objections" were not made within three months of the arbitrator's decision. *Galion v. Am. Fedn. of State, Cty. & Mun. Emp., Ohio Council 8, AFL-CIO, Local No. 2243*, 71 Ohio St.3d 620, 622 (1995).

**{¶45}** While the Lake County Court of Common Pleas may not have been the appropriate venue, venue "is a procedural matter primarily concerned with choosing a convenient forum" and "raises no jurisdictional implications." *Wilson v. Brown*, 7th Dist. Belmont No. 01-BA-35, 2002-Ohio-2410, ¶14.

13

{¶46} The Ohio Arbitration Act was designed to significantly limit judicial intervention in the arbitration process, and it provides the exclusive statutory remedy that parties must use in appealing arbitration awards to the courts of common pleas. *Galion* at paragraph two of the syllabus.

{¶47} "Once an arbitration is completed, a court has no jurisdiction except to confirm and enter judgment (R.C. 2711.09 and 2711.12), vacate (R.C. 2711.10 and 2711.13), modify (R.C. 2711.11 and 2711.13), correct (R.C. 2711.11 and 2711.13), or enforce the judgment (R.C. 2711.14)." *State ex rel. R.W. Sidley, Inc. v. Crawford,* 100 Ohio St.3d 113, 2003-Ohio-5101, ¶22.

{¶48} If a party timely files a motion to confirm an award, "* * * the court *shall grant* such an order and enter judgment thereon, unless the award is vacated, modified, or corrected as prescribed in sections 2711.10 and 2711.11 of the Revised Code." (Emphasis added.) R.C. 2711.09.

{¶49} "When a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court *must* grant the motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown." (Emphasis added.) *Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170 (1985), syllabus.

{¶50} The Second, Seventh, and Tenth Districts have all followed the clear holdings in *Galion* that the three-month limit to file objections to an arbitrator's award is mandatory and jurisdictional and that "'R.C. 2711.13 provides a three-month period in which to file a motion to vacate, modify, or correct an arbitration award, and if an application is not filed within this time frame, the trial court lacks jurisdiction to vacate,

14

modify, or correct the award.'"  *Hess v. Dyer, Garofalo, Mann & Schultz*, 2d Dist. Montgomery No. Civ.A. 20392, 2004-Ohio-6877, ¶6-7, citing *Fraternal Order of Police, Ohio Labor Council, Inc. v. Halleck*, 143 Ohio App.3d 171, 175 (7th Dist.2001).

{¶51}  The Tenth District's opinion in *Am. Church Builders v. Christian Fellowship Ctr.,* 10th Dist. Franklin No. 05AP-219, 2005-Ohio-6056, is particularly applicable to the case before us.  When a contractor sought to confirm an arbitration award and the opposing party raised a venue challenge, among other objections to the award, via a motion to dismiss, the Tenth District reversed the trial court's judgment in favor of the opposing party and held that the trial court was required to confirm the award because the opposing party had failed to move to vacate the award within three months of receiving it.  *Id.* at ¶9-10, 31.

{¶52}  The Tenth District's reasoning is directly on point in the case before us: "[t]he court in this case possessed only that jurisdiction conferred upon it by the General Assembly and by the procedural situation created by the actions or non-actions of the parties to the award.  Appellant timely filed an application to confirm the arbitration award, and appellee never filed an application to vacate, modify or correct the award.  Therefore, the court lacked jurisdiction to consider appellee's belated attempt, through its motion to dismiss, to challenge the award and to seek vacation of same.  The court was without power to consider the arguments raised in the motion to dismiss, and had no choice but to confirm the award.  Because the court failed to do so, and acted outside of its authority when it dismissed appellant's application, the judgment must be reversed."  *Id.* at ¶31.

15

{¶53} Kalkreuth could have avoided the venue issue altogether by timely filing an application to vacate, modify, or correct the award, which raised the defective "in form" claim, in the Court of Common Pleas of Delaware County. It sat on its rights and allowed the statute of limitations to run. Its claim should be treated just like any other claim for relief that is time-barred.

{¶54} Thus, I would reverse the trial court's dismissal of the motion to confirm the arbitration award and remand the matter with direction to enter judgment confirming the award and entering judgment in conformity therewith.